THOMAS M. WHETSTONE *et al.*, Respondents, v. J. R. McCARTNEY, Appellant.

Kansas City Court of Appeals, November 19, 1888.

1. **Lessor and Lessee:** LIABILITIES BETWEEN: HOW ARISING. There are two ways in which a lessee may be liable to his lessor : one arises from his express covenant to pay, whereby he is held in privity of contract ; the other arises, in the absence of an express covenant to pay rent, on an implied obligation, whereby he is held in privity of estate. In the latter case, if he parts with the estate without consent of lessor, thereby destroying the privity, there is no further obligation to pay rent. But if he has covenanted to pay, the contract lasts until discharged.

2. ————: LIABILITIES OF ASSIGNEE OF LEASE : CASE ADJUDGED. The assignee of a lease is likewise liable to the original lessor for the term he occupies by reason of the privity of estate. And the lessor may pursue one or both at the same time, though he will be entitled to but a single satisfaction. (Taylor's Landlord and Tenant, sec. 438). The lessee's liability here is under an express covenant to pay, notwithstanding assignment and acceptance of rent.

*Appeal from Clinton Circuit Court.*—HON. JAMES M. SANDUSKY, Judge.

AFFIRMED.

The case is stated in the opinion.

*S. H. Corn*, for the appellant.

(1) After the assignment of the lease McCartney's liability for the rent (if liable at all) was a collateral liability, made so by the terms of the lease. *Bank v. Shine*, 48 Mo. 463 ; *Allen v. Bank*, 4 Mo. App. 66 ; *Shine v. Bank*, 70 Mo. 524. The liability of the assignees Longmore and Maupin for the payment of rent to plaintiffs was direct. *Smith v. Bunker*, 17 Mo. 148 ; 2 Taylor on Land. and Ten. [8 Ed.] 1. The guarantor and principal debtor cannot be jointly sued. *Graham v. Ringo*,

67 Mo. 324. And in such suit no judgment can be rendered against the guarantor. *Parmelee v. Williams*, 71 Mo. 410. (2) The dismissal as to Longmore and Maupin, and the amendment of the petition did not authorize judgment against McCartney. The petition still stood alleging a direct and absolute liability for the rent sued for, while the lease .introduced in evidence showed McCartney's liability to be that of guarantor only. They cannot declare on one cause of action and recover on another. *Perry v. Barrett*, 18 Mo. 140; *Bank v. Armstrong*, 62 Mo. 50; *Kuhn v. Weil*, 73 Mo. 213; *Weil v. Posten*, 77 Mo. 284, 287; *Lenox v. Harrison*, 88 Mo. 495. The theory upon which the petition was framed and the case tried was that of a joint undertaking for the payment of the rent accruing after the assignment. The theory on which they take judgment is that McCartney is liable on his guaranty because of the non-payment by his assignees and demand made of him. They cannot recover on a theory differing from the one set up in the petition. *Clements v. Yeates*, 69 Mo. 625, 626; *Ellis v. Railroad*, 17 Mo. App. 126; *Phlger v. Weatner*, 21 Mo. App. 580; *Kump v. Foster*, 22 Mo. App. 643; *Stix v. Mathews*, 75 Mo. 96, 99. Nor can they by a dismissal as to Longmore and Maupin deprive McCartney of a legal defense to the action. No judgment could have been taken against him as the case stood when finally submitted to the court. See *Parmelee v. Williams*, 71 Mo. 410; *Keithley v. May*, 29 Mo. 220; *Browning v. Christman*, 30 Mo. 353. (3) The object of the non-suit as to defendants Longmore and Maupin, and the amendment to the petition was to deprive McCartney of his defense as it stood upon the pleadings and evidence, and change the cause of action to a suit against him on his guaranty; thus not only depriving him of his defense to the suit as it stood, but also of any defense he might have against a suit of that character. This was certainly error. R. S. sec. 3567. *Burcher v. Death*, 15 Mo. 275; *Erwin v. Childs*, 28 Mo. 576. (4) Before the amendment judgment was demanded for seventy-five dollars and costs; after the amendment,

for that amount and interest at six per cent. from the time it was demanded (Sept. 1885), and judgment was so entered. The claim was not due until December 1, 1885.

*Roland Hughes*, for the respondents.

(1) If, as claimed by appellant, this is a technical guaranty creating a collateral liability, then I admit this action cannot be maintained. The view was taken by counsel, when this suit was instituted, that the proper construction of said clause was not to create a technical guaranty and the creation of a collateral liability, but that the evident intention of the parties was simply, that in the event McCartney desired to sell his lease and put some one else in the premises, his liability to pay the rent was to continue. Or, in other words, the landlord would not release him from his liability to pay rent; and if he desired to put in some one else he must look after their solvency and responsibility; if they paid, all well and good, so far as the landlord was concerned; McCartney's liability was to continue the same. This was evidently the design and intent of the parties. If any payments were made they were on McCartney's account. The plaintiffs never ceased to look to McCartney for the rent. (2) This was the view taken by the court on the trial, and also upon the motion for a new trial, which was quite elaborately argued. It seems to be the plain, natural, evident intent of the parties. It certainly was the intention of these parties. The court will sustain the instrument in the light of the intention of the parties, and not give a technical import to the words, when such intent would be thereby frustrated. In the case of *Wright v. Dyren*, 48 Mo. 525, the court held the following words, "I assign the within note to A., for value received, and guarantee its prompt and full payment," created a direct promise, and not a collateral one, a contract of suretyship and not of guaranty. To same effect is *Allen v. Rightmore*, 20

Johns. 364. "For value received, I guaranty the payment of the within note, and waive notice of unpayment," was held a direct promise, and not a collateral promise in *Luqueer v. Prosser*, 1 Hill [N. Y.] 256. So an endorsement in these words, "This may certify that I guaranty the payment of the within note," was held to bind the third party as a joint and several maker. *Hough v. Gray*, 18 Wend. 202. So we see the use of the word guaranty does not, of itself, create a collateral undertaking. See Colebrooke on Collateral Securities [1 Ed.] 329. (3) If the technical nicety of construction contended for by appellant, is to be indulged, then the clause referred to is only an offer of guaranty. It is in effect, Whetstone Bros. saying, "In the event you desire to sell [sub-let] your lease, we will [at the time you wish to do so] consent to it; provided, you then [at time aforesaid] enter into a contract of guaranty for the balance of the rent." If this nicety of construction is to obtain, then no contract of guaranty was ever made. (*a*) The clause in lease in controversy does not create a guaranty, but is a contract of suretyship, or a direct liability. (*b*) If the contract was not a direct liability, it was only an offer of the lessee to consent to an undertenancy, upon the lessee's entering into a contract of guaranty and this never having been done, the suit was properly brought against McCartney. Taylor on Land. and Ten. [4 Ed.] sec. 448. (*c*) The liability of lessee and his assignees was a joint and several liability. R. S. secs. 3095, 658. (*d*) Plaintiff could dismiss his suit, as to any defendants any time before judgment. R. S. secs. 3541, 3556; *Lawson v. Shreve*, 26 Mo. 492; *Templeton v. Wolf*, 19 Mo. 101. (*e*) The rent was not due until December 1, 1885, and the judgment was erroneously given to include interest from October 1, 1885, thus giving two months' interest which plaintiffs were not entitled to. The evidence of Whetstone was that he demanded rent when due (Dec. 1) from Maupin & Longmore, and shortly afterwards from McCartney. It will be necessary for plaintiffs to enter *remittitur* for

VOL. xxxii—28

this excess, which they now here do, and ask court to affirm judgment for seventy-five dollars, and interest at six per cent. from January 1, 1886, to May, 1887, when the cause was tried, to-wit, for the sum of eighty-one dollars.

ELLISON, P. J.—Plaintiffs having recovered below, defendant brings the case here asking a reversal of the judgment.

The case shows that plaintiffs leased to defendant certain real property for two years by an instrument which contained the following clause: "For the use and rent thereof, the said J. R. McCartney hereby promises to pay to said Whetstone Bros., or to their order, six hundred dollars, for the whole time above stated, and to pay seventy-five dollars every three months." Also the following clause: "In the event that said McCartney should desire to sell his lease, the Whetstone Bros. agree to give him privilege to do so by the said McCartney guaranteeing the rent for the time." Pending the term, defendant assigned the lease to W. H. Longmore and W. W. Maupin, and plaintiffs recognized them as tenants by accepting rent from them.

This suit is for the last three months rent which both defendant and his assignees have refused to pay; and was originally instituted against defendant and the assignees, being dismissed as to the latter at the close of the trial.

There are two ways in which a lessee may be liable to his lessor; one arises from his express covenant to pay whereby he is held in privity of contract; the other arises, in the absence of an express covenant to pay rent, on an implied obligation, whereby he is held in privity of estate. In the latter case, if he parts with the estate, with consent of lessor, thereby destroying the privity, there is no further obligation to pay rent, since there is nothing upon which to base the obligation. But if he has expressly covenanted to pay, the contract lasts till discharged and the covenant may be said to run with the land, and this is so, even though

the lessor has consented to the assignment by the lessee and accepted rent of the assignee.

The assignee is likewise liable to the original lessor for the term he occupies, not by reason of a promise, but by reason of the privity of estate.    And the lessor may pursue one, or both, at the same time, though he will be entitled to but a single satisfaction.    Taylor's Landlord & Ten. sec. 438; *Boot v. Wilson*, 8 East, 311; *Wadham v. Marlow*, 8 East, note; *Stains v. Morris*, 1 V. & B. 11; *Arthur v. Vanderplank*, 7 Mod. 198; *Thursby v. Plant*, 1 Saunders, 237; *Taylor v. DeBus*, 31 Ohio St. 468; *Sutliff v. Atwood*, 15 Ohio St. 186; *Lodge v. White*, 30 Ohio St. 569; *Port v. Jackson*, 17 Johns. 239 and 479.

These observations will, I think, be of material aid in determining the question raised here as to the proper interpretation of the clause of the lease last quoted. Defendant contends that this clause is one of technical guaranty and that therefore he is not liable as an original promisor.    My opinion is that it is merely a cautionary clause, or a reiteration of the first.    The first clause (quoted) amounts to an express covenant to pay the rent for the period of the lease, and as such, as we have seen, it binds defendant by express contract, notwithstanding the assignment and acceptance of rent. This being so, I cannot bring myself to conclude that it was intended by the last clause to annul the first and substitute the collateral or contingent liability of a guarantor.    It is far more reasonable to suppose that the parties, seeing they had agreed there might be a substitution of tenants, only stated in terms in the second clause what the law put upon them under the provisions of the first.    It was like this :    It is agreed you may substitute tenants, but you cannot substitute liability.

I perceive no merit in the objection to the dismissal of the suit at the close of the trial, as to the assignees. Defendant and the assignees were each clearly liable under the views above presented.    Whether they should

have been joined in one action, or been pursued in separate actions, need not be considered, as they had been separated by the dismissal.

The plaintiffs enter *remittitur* for the amount of the judgment in excess of eighty-one dollars, and for this sum the judgment will be affirmed.   All concur.