CHARLOTTE T. CHARLESS, Respondent. v. AUGUST
FROEBEL, Appellant.

St. Louis Court of Appeals, November 24, 1891.

1. **Assignment of Lease**: LESSEE'S OBLIGATION TO PAY RENTS,
When a lease for a term of years contains an express covenant on
the part of the lessee for the payment of the rents reserved, the
assent of the lessor to an assignment of the term by the lessee
whereby the assignee assumes all the obligations of the lessee, will
not release the lessee from his express obligation to pay the rents,
though followed by the collection by the lessor from the assignee
of rents subsequently accruing under the lease.

2. ———: ———. But *held, arguendo,* that the rule is otherwise,
when the obligation of a lessee or tenant to pay rent is implied
and not express.

*Appeal from the St. Louis City Circuit Court.*—HON.
JACOB KLEIN, Judge.

AFFIRMED.

*H. D. Laughlin,* for appellant.

The assignment of the lease, with the consent of the
lessor, and the acceptance of rent from the assignee by
the lessor, relieved the lessee of all further liability
under the lease. 2 Wood on Landlord & Tenant, p. 741,
sec. 337, *et seq.;* p. 1354, sec. 553; *Thursby v. Plant,*
1 Saunders, p. 240, and note; *Wadham v. Marlowe,*
8 East, 816; Taylor on Landlord & Tenant, sec. 438;
*Clemens v. Bloomfield,* 19 Mo. 121; *Matthews v.
Tobener,* 39 Mo. 115; *Hutcheson v. Jones,* 79 Mo. 496;
*Prior v. Kiso,* 81 Mo. 241; *Koenig v. Miller,* 38 Mo.
App. 182.

*P. Taylor Bryan,* for respondent.

When one is tenant of another under an implied
letting ( and this was usually the case in tenancies from

year to year ), the only liability assumed by the tenant is that depending on the privity of estate, which arises from the entry on the premises and the occupancy thereof. *Thomas v. Cooke*, 2 B. & A. 119 ; *Clemens v. Bloomfield*, 19 Mo. 118 ; Taylor on Landlord & Tenant, sec. 371. The above is also true if the letting, though express, contains no agreement as to the payment of the rent other than that implied from occupancy, by consent, of the premises of another. Taylor on Landlord & Tenant, sec. 371 ; *Clemens v. Bloomfield*, 19 Mo. 118. In both the instances last above referred to, as the liability is dependent on occupancy, so it is terminated when the lessee rightfully gives up possession ; for thereby the privity of estate is destroyed, and there is no longer any relation between the lessee and the lessor. This is the point actually decided in the following cases cited under the first proposition in appellant's brief. *Wadham v. Marlowe*, 8 East, 316 ; *Clemens v. Bloomfield*, 19 Mo. 121. When, however, as in the case at bar, the tenant has executed a lease under seal, containing an express covenant to pay rent, and has entered upon and occupied the premises demised, he has established not only privity of estate, but has also created a privity of contract as well. *Whetstone v. McCartney*, 32 Mo. App. 430 ; *Stein v. Jones*, 18 Ill. App. 543 ; *Dietz v. Smith*, 22 Ill. App. 114 ; *Wilson v. Lester*, 64 Barb. 431 ; *Damb v. Hoffman*, 3 E. D. Smith, 361 ; *Port v. Jackson*, 17 Johnson, 239 ; *Hunt v. Gardner*, 10 Vroom, 530 ; *Wall v. Hinds*, 4 Gray, 256 ; *Fletcher v. McFarland*, 12 Mass. 45 ; *Dwight v. Mudge*, 12 Gray, 25 ; *Pfaff v. Golden*, 126 Mass. 403 ; *Taylor v. DeBus*, 31 Ohio St. 468 ; *Mills v. Auriol*, 4 Term Rep. 94 ; *Boot v. Wilson*, 8 East, 311 ; 1 Wood on Landlord & Tenant [ 2 Ed.] secs. 302, 330, 551 ; Taylor on Landlord & Tenant, secs. 371, 478, 620, 680. The evidence in the case at bar fails entirely to support the defendant's plea of release, nor does it show either surrender or eviction. *Hunt v. Gardner*, 10 Vroom, 530 ; *Damb v.*

*Hoffman,* 3 E. D. Smith, 361. On the contrary, the evidence shows nothing more than an assignment of the term by the lessee without objection on the part of the lessor. Such a state of facts exhibits only a cessation of the privity of estate between the lessor and lessee, and is no evidence of a termination of their relation as contractors. *Whetstone v. McCartney,* 32 Mo. App. 430 ; *Hunt v. Gardner,* 10 Vroom, 530 ; *Pfaff v. Golden,* 126 Mass. 403 ; *Damb v. Hoffman,* 3 E. D. Smith, 361.

BIGGS, J.—Where there is a lease for a term of years which contains an express covenant on the part of the lessee to pay the rent reserved, will the mere assent of the lessor to an assignment of the lessee's interest in the lease, and the receipt by him from the assignee of a portion of the subsequently accruing rents furnish any evidence of a novation, or the release of the lessee from his obligation to pay rent? We have such a state of facts here, and the question suggested is the only one involved.

On the first day of January, 1889, the plaintiff leased to the defendant for the period of three years the premises known as number 18, South Fifth street, in the city of St. Louis. The lease was executed and sealed by both parties, and it contained an express covenant on the part of the lessee to pay an annual rental of $3,200, payable in equal monthly installments of $260.66. The defendant entered under the lease, and continued to pay the rent until the fourth day of May, 1889. On the last-named day, the defendant, by and with the consent of the plaintiff, assigned all of his rights under the lease to the firm of Schwietzer & Mohr. The assignment was written by a clerk in the office of the plaintiff's real-estate agents, and it was executed in their presence. It is as follows: "For value received I hereby assign, sell and convey all my right, title and interest in and to the within and foregoing lease to Schwietzer & Mohr, and said Schwietzer & Mohr hereby

accept said lease and assume all the responsibilities of
the party of the second part therein. Witness," etc. It
was admitted that, after the assignment was made and
until December, 1890, the plaintiff rendered monthly bills
for the rent to Schwietzer & Mohr; that an account was
kept on the books of the plaintiff's agents against
Schwietzer & Mohr, and that the rent was promptly
paid by them until December 1, 1890, at which time
they became insolvent; that no demand for rent was
made upon the defendant until February, 1891, when
the rent for December, January and February was
demanded, and he refused to pay it on the ground that
he had been released from his contract. The present
action was brought to recover this rent. The execution
of the lease and the non-payment of the rent being
admitted, the defendant at the trial claimed, and was
granted, the affirmative of the issue, and at the close of
his evidence the court instructed the jury to find for the
plaintiff, which was done, and judgment entered accord-
ingly. The defendant appealed.

We have examined with care the defendant's evi-
dence in respect of what took place and what was said
at the time the assignment was made. The defendant
himself would not testify either in terms or effect that
he demanded to be released, or that the plaintiff's
agents agreed to release him from his covenant to pay
rent. There is but little if any doubt that the defend-
ant thought that there was a complete novation or sub-
stitution of his assignees to his liabilities under the
lease, but this did not make it so. The question is, did
the consent of the plaintiff to the assignment, and the
receipts by her of subsequent rents from the assignees
amount to a release of the defendant?

It is the generally accepted doctrine that, when a
tenant occupies premises under an implied letting, or
when the contract of letting is express, but contains no
express covenant to pay rent other than that implied
from occupancy, the right of the landlord to collect rent

arises out of a privity of estate only. When, however, the contract of letting is express, and contains a covenant by the lessee to pay the rent reserved, then both privity of estate and privity of contract are established, and the right of the lessor to enforce the payment of rent is then of a two-fold nature ; that is, by reason of occupancy by the lessee, which establishes ,privity of estate and by reason of the covenant in the lease which establishes privity of contract. In cases of implied letting, or where there is no express covenant, whenever there is a change of possession with the consent of the lessor, the lessee is thereby discharged from the further payment of rent, because the privity of estate, which is the only relation existing in such cases between the lessor and lessee, is completely destroyed by change of occupancy. But not so where the lease contains an express covenant to pay the rent. In such a case the privity of estate may be destroyed by the consent of the lessor to an assignment, but, in the absence of a contract of release, the lessee still remains bound, on his covenant, to pay the rent. *Clemens v. Bloomfield*, 19 Mo. 118 ; *Whetstone v. McCartney*, 32 Mo. App. 430 ; *Hunt v. Gardner*, 39 N. J. L. 530; *Damb v. Hoffman*, 3 E. D. Smith, 361 ; *Pfaff v. Golden*, 126 Mass. 402 ; *Taylor v. DeBus*, 31 Ohio St. 468.

We take it that the defendant's counsel does not controvert the law as above stated, but his contention is, that the consent of the plaintiff to the assignment and the receipt of rent from the assignee, are sufficient to authorize the submission of the question of release. So far as our research has gone, this position seems to be against the adjudicated cases outside of this state, and we think it finds only an apparent support in one decision of our supreme court.

In the case of *Taylor v. DeBus, supra,* the court held that a lessee was liable to pay the rent reserved under a lease for a term of years, though the rent

accrued after the lessee had assigned all interest in the leasehold estate, and after the lessor had received rent from the assignee. In the opinion of the court the consent of the lessor to the assignment, and the receipt of rent, did not amount to a novation or release of the lessee.

In *Damb v. Hoffman*, *supra*, the court decided that the acceptance of rent by the lessor for the assignee did not bring the case within the rule, that the creation of a new tenancy and the substitution of a new tenant under an agreement to that effect amount to a surrender, and discharges the former lessee.

In *Pfaff v. Golden*, *supra*, it was decided that an assignment by the lessee of his interest in the lease did not relieve him from his liability on his covenant to pay rent, although the assignee of the lessor consented to the assignment.

In *Hunt v. Gardner*, *supra*, the supreme court of New Jersey in a carefully-considered case said : " To ascribe the effect of a surrender to the mere act of the landlord accepting the assignee as his tenant, and receiving rent from him, would be going beyond the precedents. To warrant the inference that the original lease had been anulled, the facts ought to be of an entirely conclusive character."

Many other cases of equal weight and authority could be cited in support of the action of the trial court, but we deem it unnecessary.

The defendant relies on the cases of *Matthews v. Tobener*, 39 Mo. 115 ; *Hutcheson v. Jones*, 79 Mo. 496, and *Prior v. Kiso*, 81 Mo. 241, as establishing a contrary rule. In the *Matthews case*, the notice of the lessee's intention to surrender the premises was followed by the re-renting of the premises by the lessor himself to another tenant without the knowledge or consent of the lessee, and this was held by the court to amount to an eviction, which would necessarily release the lessee from the payment of subsequent rents.

In the *Hutcheson case* there were other facts and circumstances, aside from the receipt of rents by Hutcheson from the assignee, which had a tendency to prove that a contract of release had been entered into. Besides, there was no express covenant to pay rent, and the mere consent of Hutcheson, the lessor, to a change of tenants released the defendant, who was the original lessee.

In *Prior v. Kiso, supra*, the plaintiff leased to John and Herman Kiso for the term of five years his farm, grist mill, blacksmith shop and ferry. Contemporaneous with the lease the Kisos, with the other defendants as sureties, entered into a separate contract, in which the prompt payment of the rent was guaranteed. The action was upon this contract. It was alleged in the separate answer of John Kiso that the plaintiff failed to deliver the entire possession of the premises, and that, after the expiration of fifteen months, he refused on this account to be further bound by the lease; that thereupon with the consent of the plaintiff he quit the possession, and Herman Kiso alone was thereafter treated as the tenant. The opinion states that John Kiso introduced evidence tending to prove these averments, but the evidence is not set out. We find nothing in the opinion to indicate that there was no evidence of a release, other than the assent of the plaintiff that John should quit the possession, and that he afterwards collected the rent from Herman Kiso. The release of John Kiso was not predicated on an assignment of the lease to his brother, but it was claimed that as to him the lease was canceled by agreement, because the plaintiff had failed to deliver the entire possession of the leased premises, and that John refused to carry out the lease on his part for that reason. His answer and the instructions asked by him show that his release was tried on that theory. The only thing having the remotest tendency to show to the contrary of this is a quotation from the opinion of the court in the case of

*Kerr v. Clark*, 19 Mo. 132, to the effect that "an actual and continued change of possession by the mutual consent of the parties will be taken as a surrender by operation of law, whether the possession is delivered to the landlord himself or to another." In the *Kerr case* the court was dealing with a tenancy from year to year under an implied letting, and the court correctly stated the law in such cases. This quotation under all the authorities was inapplicable to the facts in the *Prior case*, and it is fairly inferable that it was inadvertently inserted. We are very much fortified in this inference by the fact that Judge PHILIPS, who wrote the opinion in the *Prior case*, was a member of the Kansas City Court of Appeals, and concurred in Judge ELLISON's opinion in the case of *Whetstone v. McCartney, supra.* We cannot think, unless further advised by the supreme court, that it intended to depart from a rule so well established by all the precedents.

With the concurrence of the other judges, the judgment of the circuit court will be affirmed.