SETH E. WARD, Respondent, v. JOHN H. KRULL *et al.*, Appellants.

Kansas City Court of Appeals, April 25, 1892.

Landlord and Tenant: HOLDING TENANT AND RECEIVING RENT FROM SUBTENANT. Mere knowledge on the part of the lessor of the occupancy of another, and acceptance of rent from the occupant, does not show that the lessor has discharged the original lessee from his covenant to pay for the whole term.

*Appeal from the Jackson Circuit Court.*—HON. R. H. FIELD, Judge.

AFFIRMED.

*Teasdale, Ingraham & Cowherd,* for appellants.

The position of the defendants is that when they delivered possession of the premises described in the lease to the Krull Tailoring Company, a corporation, and the plaintiff, knowing of, and consenting to, such change of possession, accepted rent from the Krull Tailoring Company as his tenant, then the defendants were discharged under the case, or, in other words, this state of facts constituted a surrender of the lease. To sustain this position, we refer to the following cases: *Koering v. Brewing Co.,* 38 Mo. App. 182, 186; *Hutchison v. Jones,* 79 Mo. 496; *Prior v. Kiso,* 81 Mo. 248; *Mathews v. Tobener,* 39 Mo. 115; *Kerr v. Clark,* 19 Mo. 132; *Clemmons v. Bromfield,* 19 Mo. 118; *Randall v. Rich,* 11 Mass. 493; *Colton v. Gorham,* 33 N. W. Rep. 76; *Smith v. Niver,* 2 Barb. 180; *Knisey v. Minick,* 43 Me. 121.

*Hugh C. Ward,* for respondent.

The law governing this case has been settled for years and years, and the decisions in this country and England are uniform and in perfect harmony. The cases of *Whetstone v. McCartney,* 32 Mo. App. 430, and *Jones v. Barnes,* 45 Mo. App. 590, are decisive of this case.

ELLISON, J.—Defendant rented of plaintiff, for a term of five years, by written lease, a certain business building in Kansas City. The lease contained a covenant by defendant to pay plaintiff the rent for the

whole term. Shortly after the lease was executed, defendant turned the property over to a corporation organized by himself and others and which carried on the same business in which defendant was engaged. The testimony, while not showing an assignment of the lease by defendant to the corporation, does not show that plaintiff knew that the corporation was occupying the premises, and that plaintiff for several months accepted monthly payments of rent from the corporation. It also shows that upon the corporation becoming insolvent, and its stock being taken possession of by a creditor under a chattel mortgage, plaintiff received the payment of one month's rent from such creditor.

This is all that was shown, and the trial court properly directed a verdict for plaintiff. Mere knowledge on the part of the lessor of the occupancy of another, and acceptance of rent from the occupant, does not show that the lessor has discharged the original lessee from his covenant to pay for the whole term. See cases of *Jones v. Barnes*, 45 Mo. App. 590, and *Whetstone v. McCartney*, 32 Mo. App. 430. Defendant concedes the law in these cases, but contends that a lessor may discharge the lessee from his obligation and accept a new tenant in his stead. We do not doubt this; but the difficulty is, that in this case there is no evidence upon which to base such contention. A lessor's knowledge of the assignment of a lease and acceptance of rent from the sublessee, not being at all inconsistent with holding the original lessee to his express covenant, for the remaining unpaid rent during the term, cannot alone have the effect of discharging such original lessee. *Jones v. Barnes, supra*, and authorities cited therein.

The judgment must be affirmed. All concur.