Hendrix v. Dickson.

---

ANNIE E. HENDRIX *et al.*, Respondents, v. F. P. DICKSON, Appellant.

<span style="float:right">69   197<br>98   ²258</span>

Kansas City Court of Appeals, February 15, 1897.

1. **Landlord and Tenant:** ACTION FOR TAXES: PARTIES: CONTINUING BREACH. A covenant on the part of the lessee to pay the taxes runs with the land and the substantial breach occurs when the taxes are paid

by the covenantee, and the heir and not the executor is the proper party to maintain an action on such covenant, especially when the taxes are a part of the rent; and this is the case where there is a continuing breach in the time of both ancestor and heir, but the substantial breach in the time of the latter.

2. ———: LESSOR'S CONVEYANCE: COVENANT ASSIGNED. Where the landlord conveys the premises by warranty deed, it passes to the grantee every assurance he has whether resting in right of action or unbroken covenant and thereby conveys the right to sue for the breach if the grantee is injured thereby.

3. ———: ———: EXCEPTION. Where the lessor's conveyance excepts his liability from taxes for a given year, such exception will not prevent the transfer of the right to compel the lessee to pay taxes for that year according to his covenant with the landlord.

4. ———: ACTION ON COVENANT: DEMAND. It is not necessary to demand of the lessee that he perform his covenant before bringing suit against him.

5. ———: ———: SUBLESSEE'S ASSUMPTION. The fact that sublessees have assumed the obligation of the lessee and the lessor has accepted rent of them does not relieve the original lessee from his covenant to pay taxes.

*Appeal from the Jackson Circuit Court.*—HON. C. L. DOBSON, Judge.

AFFIRMED.

### STATEMENT BY ELLISON, J.

In March, 1889, Nathan Scarritt was the owner of two lots in Kansas City. At that time he entered into an agreement of lease with the defendant, Dickson, and one Collins, leasing to them these lots for a period of two years, beginning March 1, 1889, and ending February 28, 1891. In this lease Dickson & Collins promised "to pay to said Scarritt or his representative the sum of one hundred dollars ($100) per month for the whole time above stated and pay the same on the first day of each month, and also to pay all general state, county, and city taxes which may become due and payable during the term of this lease."

In April, 1889, Maria L. McClanahan was the owner of two other lots. At that time Mrs. McClanahan entered into an agreement of lease with said Dickson & Collins, leasing to them said lots for a period of two years, beginning April 10, 1889, and ending April 10, 1891. In this lease Dickson & Collins agreed: "To pay to the said McClanahan or her representatives the sum of seventy-five dollars ($75) per month for the whole time stated, and to pay the same monthly in advance, also all general, state, county, and city taxes." On the ninth of January, 1890, Mrs. McClanahan conveyed these lots to Nathan Scarritt by deed, with full covenants of warranty, "except all taxes for the year 1890, and subsequent years."

On March 1, 1890, Nathan Scarritt made a lease to the Jarvis-Conklin Mortgage Trust Company of the four lots above described, the leasehold period to begin on the first day of March, 1890, and end on the twenty-eighth day of February, 1900. This lease contained the following paragraph: "And it is further agreed and understood that the party of the second part shall take the above described premises under this lease subject to the possession and the rights of possession of the persons now in possession of the same, as such rights are expressed and specified in two certain leases (here follows reference to the two leases hereinbefore referred to), second party to receive from said Dickson & Collins the rents stipulated to be paid by them in their said leases." Further on in the lease is this phrase: "The said party of the second part agrees to pay, when due and payable, all general taxes and special assessments that may be levied or charged against the premises aforesaid which may become due and payable during the term of this lease."

Subsequently on the first day of March, 1891, the Jarvis-Conklin Mortgage Trust Company made a lease

of the four lots to Hudson & Judah. This lease is a copy of the lease between Scarritt and the Jarvis-Conklin Company, except in the amount of rental contracted for, and this lease to Hudson & Judah contains the following paragraph: "The said parties of the second part agree to pay, when due and payable, all general taxes and special assessments that may be levied or charged against the premises aforesaid, which may become due and payable during the term of this lease, or which has become due and payable since the first day of March, 1890."

In May, 1890, the will of Nathan Scarritt was admitted to probate in Jackson county, Missouri. This will makes no reference to the property in question except that it is included in the general terms referring to the residue of the estate, which residue is bequeathed to the plaintiffs in this suit share and share alike. This estate was fully administered and the executors discharged on August 24, 1892.

The taxes of 1890, due on the four lots, remaining unpaid, a suit was brought by the county collector to recover them. In that suit defendant Dickson, a number of the plaintiffs and others were parties defendant. Dickson appeared, and filing a disclaimer had the suit dismissed as to him. The court in its judgment found the amount due against each lot and entered judgment against the property therefor, and as well for the costs and attorneys' fees. On July 11, 1893, the plaintiffs herein paid to the county collector the said taxes, clerk's costs, attorneys' fees, and collector's commission, in all, $690.31.

On September 25, 1894, plaintiffs filed their petition in this cause, which is in two counts. The first count sets up the lease made by Scarritt to Dickson & Collins, recites the covenant to pay the taxes, the failure of defendant to pay the taxes of 1890, the suit for

their recovery and the payment of the taxes on these two lots, together with interest, costs, and attorney's fees by the plaintiffs. The petition for a second cause of action recites the lease from Mrs. McClanahan to Dickson & Collins, the covenant to pay taxes, the conveyance by Mrs. McClanahan to Nathan Scarritt of the lots by a general warranty deed, failure of defendant to pay taxes of 1890, the suit for these taxes, the judgment and the payment by plaintiffs of the taxes, interest, attorney's fees, and court costs.

Defendant Dickson was alone served. He filed an answer in five paragraphs. The first is a general denial on the first count, the second paragraph is a general denial on the second count. The third paragraph pleads defect of parties defendant, claiming S. T. Collins a necessary party. The fourth paragraph recites death of Nathan Scarritt and pleads that any cause of action which accrued was in his executors and not in plaintiffs, that no demand was ever made by the executors, and further that if any such cause of action ever existed it had been satisfied by the successive lessors, lessees, occupants or tenants. The fifth paragraph denies that the suit is brought in the name of the real party in interest, claiming that such real party is the Jarvis-Conklin Mortgage Trust Company, and claims release of the defendant by virtue of a transfer of all right of action prior to the beginning of this suit to the Jarvis-Conklin Mortgage Trust Company.

A jury was waived and the case tried by the court. The finding was for the plaintiffs who were given judgment on each count of the petition for the amount of taxes, but not for the court costs or county attorney's fee included in the payment made. From this judgment the defendant appealed.

*Frank Titus* for appellant.

(1.) If before a breach had occurred of the covenant to pay taxes in the Dickson and Collins lease from Scarritt, said lessor had accepted the Jarvis-Conklin Company as bound to him on the like obligation in a later lease to such company for the same land, this became in law a substitution or novation. *Cuxton v. Chadley*, 3 Barn. and Cres. 591; *Heaton v. Angier*, 7 N. H. 397; *Guichard v. Brande*, 57 Wis. 536; Pothier on Contracts, part 3, ch. 2, art. 1; Anderson's Law Dictionary, p. 716; Taylor on Landlord and Tenant [8 Ed.], secs. 620, 680; 2 Addison on Contracts [8 Ed.], top page 1226; 2 Abbott's Law Dict. 184. (2) A covenant in a lease is an independent covenant and after breach does not run with the land. *Buren v. Hubbell*, 54 Mo. App. 617; *Poage v. R. R.*, 24 Mo. App. 199, 211; *Butler v. Manny*, 52 Mo. 506; *Dickson v. Desire*, 23 Mo. 164; 6 Lawson on Rights and Rem., sec. 2854; Gear on Landlord and Ten., secs. 84, 184. Nor will a deed in ordinary form, as in this case, pass to the grantee a right of action on covenant in prior lease for recovery of damages. Gear on Landlord and Ten., sec. 184, and authorities before cited. *Woodburn v. Renshaw*, 32 Mo. 197; *Humphreys v. McKeisock*, 140 U. S. 304, 314; *R. R. v. Parker*, 143 U. S. 55; Taylor on Landlord and Ten. [8 Ed.], sec. 667. (3) Plaintiffs claimed and the trial court held that the right to sue on the covenants in McClanahan lease accrued to N. Scarritt and descended to his heirs by virtue of the words "rights, privileges and appurtenances," found in the deed to Scarritt. This is error. It is uniformly held that a deed in such form does not pass the right to vendee to sue on covenants which are purely personal; such as an agreement to pay taxes. An "appurtenance" is that which is necessarily connected with the use of land. *Jackson v. Hathaway*, 15 Johns.

447, 455; *R'y v. Parker,* 143 U. S. 55, and cases before cited. (4) Instruction 5 for defendant is also a correct statement of the law in this case. A breach of covenant can only exist upon the failure of the covenantor to perform, and a demand for performance by covenantee. *Meni v. Rathbone,* 21 Ind. 454; 1 Taylor on Landlord and Tenant [8 Ed.], secs. 297, 298. Gear on Landlord and Tenant, sec. 89. (5) Defendant's instruction 6, that, where the term "representatives" occurs in the Scarritt lease to defendant, such term means executors or administrators of the lessor and not his heirs, is a correct statement of the law and its refusal is error. *Buren v. Hubbell,* 54 Mo. App. 617; *Cox v. Curwen,* 118 Mass. 198; *McCray v. McCray,* 12 Abb. Pract. Rep. N. Y. O. S. 1; 2 Taylor on Landlord and Ten. [8 Ed.], sec. 667; Gear, Landlord and Tenant, sec. 89. (6) An heir is neither a necessary nor a proper party to be joined with administrator to recover a demand due the decedent. *Hellman v. Wallenkamp,* 71 Mo. 407; *Eoff v. Thompkins,* 66 Mo. 225; 2 Woerner on Admn. Law, p. 674; Dicey on Parties, side p. 206, 212, 214. A lease is a chattel interest and goes to the executors, not the heirs. *Gutzweiler v. Lackman,* 39 Mo., 91; 2 Woerner, Law Adm'r, pp. 1256, 1257. And the heirs never acquired any right to sue.

*Beardsley & Gregory* for respondents.

(1) The right of action was in the plaintiff. The covenant to pay taxes is one which runs with the land. 12 Am. and Eng. Ency. Law, p. 1022; Taylor on Landlord and Tenant [8 Ed.], sec. 262. The conveyance from Mrs. McClanahan to Scarritt of the property without reservation carried all the rights of Mrs. McClanahan in the lease. Taylor on Landlord and Tenant [8 Ed.], sec. 440; *Page v. Culver,* 55 Mo. App. 606. Upon the death of Nathan Scarritt, all rights

under the leases in controversy passed to the devisees under his will. Taylor on Landlord and Tenant, secs. 390 and 426; *Stevenson v. Hancock*, 72 Mo. 615; *Latta v. Weiss*, 131 Mo. 239; *Mills Co. v. Edwards*, 33 Pac. Rep. 987. (24 Oreg. 475.) (2) The defendant bound himself in both the leases to pay these taxes. He has never been released from this express covenant. The lease from Scarritt to Jarvis-Conklin Mortgage Trust Company, although it covered in part the same period, covered by these two leases, transferred to that company the right to collect the monthly rentals, but not the right to enforce any other covenant of the lease. Having made the covenants, and the lessor having never consented that he be released, he is still bound, and bound to the devisees of Scarritt because there has been no assignment by Scarritt or by his devisees of the lease or of the rights under this covenant. *Jones v. Barnes*, 45 Mo. App. 560; *Whetstone v. McCartney*, 32 Mo. App. 430; *Charless v. Froebel*, 47 Mo. App. 45; *Grimes v. St. Paul, etc., Co.*, 35 N. E. Rep. 820 (147 Ill. 634); *Bonscaren v. Brown*, 59 N. W. Rep. 385 (40 Neb. 762). (3) The fact that no demand was made before suit was brought is not a bar to the right to recover. R. S. 1889, sec. 2948.

ELLISON, J.—An important point made by defendant, as shown by the foregoing statement, relates to whether these plaintiffs, as heirs of Nathan Scarritt, or the executors are the proper parties plaintiffs, defendant contending that a cause of action like that asserted by the petition accrues to, and can only be prosecuted by, an executor or administrator. It is quite true that personalty, including choses in action, goes to the executor or administrator of the estate and that the realty descends directly to the heir (*Becraft v. Lewis*,

LANDLORD and tenant: action for taxes: parties: continuing breach.

41 Mo. App. 546); and that the executor or adminis-
trator is the proper party to prosecute or defend actions
relating to personalty or choses in action. *Smith v.
Denny*, 37 Mo. 20. But a covenant to pay taxes on real
estate is a covenant running with the land, the sub-
stantial breach occurring when the taxes, becoming
due and payable, are not paid by the covenantor, but by
the covenantee. This is especially true in this case,
since the taxes are practically a part of the rent re-
served. It is laid down in 2 Platt on Leases, 360, that:
"If the lessor be seized of an estate in fee, the rever-
sion at his decease, intestate, devolves on his heir, and
such heir * * * and not the executor, is the party
to maintain an action for rent falling due, or for cove-
nants running with the land broken after the lessors
death."

But in the case before us, it does not appear at
what date Nathan Scarritt died, so we are not informed
whether there was a failure on the part of the defendant
lessee to pay during said Scarritt's lifetime. But how-
ever that may be the substantial right of action on the
covenant arose on the payment of the tax incumbrance,
and that was done by the heirs, and it is altogether
probable, as gathered from the dates appearing in the
records, that a part of the technical breaches of the cov-
enant were committed before, and a part after, Scar-
ritt's decease. On such state of case it is said: "So it
should seem that the heir, and not the executor, is the
proper plaintiff where there is a continuing breach in
the time of both ancestor and heir, but the substantial
breach is in the time of the latter." 2 Platt on Leases,
360. So, therefore, being of the opinion that the heirs
are the proper plaintiffs, we rule the point against de-
fendant.

2. One of the causes of action stated in plaintiffs'
petition, arises on defendant's failure to pay taxes as

provided in Mrs. McClanahan's lease, she having con-
veyed the property to Nathan Scarritt by
general warranty deed. It is contended
that this covenant was not assigned by the
deed from Mrs. McClanahan to Scarritt. We must
also rule this point against defendant. *Allen v. Ken-
nedy*, 91 Mo. 324. In that case the supreme court set
out and approved the following from *Kimball v. Bryant*,
25 Minn. 496: "The covenant is taken for the protec-
tion and assurance of the title which the grantor as-
sumes to pass by his deed to the covenantee; and where
the covenantee assumes to pass that title to another, it
is fair to suppose that he intends to pass with it, for
the protection of his grantee, every assurance of it that
he has, whether resting in right of action or in un-
broken covenant; so that if, before enforcing his rem-
edy for breach of the covenant, the covenantee execute
a conveyance of the land, unless there be something to
show a contrary intention, it may be presumed that he
intended to confer on his grantee the benefit of the
covenant so far as necessary for his protection—that is,
that he intends to pass all his right to sue for the
breach, so far as the grantee sustains injury by reason
of it."

3. There was a provision in the deed from Mrs.
McClanahan to Nathan Scarritt whereby she restrained
the covenants in the deed so that they did
not apply to the taxes now in controversy.
The provision was in the following words
at the close of the covenants and warranty contained
in the deed: "Except all taxes for the year 1890 and
subsequent years." But this was no more than a re-
fusal on the part of Mrs. McClanahan to covenant that
defendant would perform his covenant. It did not
prevent the transfer, or assignment of the right to com-
pel him to do so.

*Margin notes:* —: lessor's conveyance: covenant assigned.    —: —: exception.

4. It was not necessary to demand of defendant

—: action on covenant: demand. that he perform his covenant before bringing suit against him.

5. Notwithstanding that the sublessees mentioned in the statement of this cause agreed to pay the taxes,

—: —: sublessee's assumption. or assumed the obligation of defendant and .Collins, and notwithstanding that Nathan Scarritt may have accepted rent from them, this does not relieve defendant of his express agreement to pay them. *Whetstone v. McCartney*, 32 Mo. App. 430; *Jones v. Barnes*, 45 Mo. App. 590; *Ward v. Krull*, 49 Mo. App. 447.

The judgment is affirmed.  All concur.