SANDER, Respondent, v. HOLSTEIN COMMISSION COMPANY, Appellant.

St. Louis Court of Appeals, December 11, 1906.

(Opinion by Bland, P. J.)

1. LANDLORD AND TENANT: Notice to Quit: Waiver. Where a tenant abandoned the premises, the evidence, in an action by the landlord for rent, is examined and held to show there was no waiver of notice to quit by the tenant.

2. ——: ——: ——: Jury Question. Where a landlord, after his tenant had vacated the premises and left the keys at the landlord's place of business, took the keys and used the premises to store some merchandise there, it was a question for the jury as to whether such facts showed an intention on the part of the landlord to accept surrender by the tenant.

(On Motion for Rehearing. Opinion by Goode, J.)

3. ——: ——: Surrender. Where the landlord on learning that his tenant was about to vacate his premises, demanded a written notice to quit, and the tenant left the keys at the landlord's place of business, the storing of some merchandise in the premises by the landlord did not amount to an acceptance of the surrender by the landlord unless the landlord intended to accept such surrender. An acceptance in such case was a question for the jury.

Appeal from St. Louis City Circuit Court.—*Hon. Matt. G. Reynolds,* Judge.

AFFIRMED.

*Bass & Brock* for appellant.

(1) The court erred in refusing to give to the jury defendant's instruction at the end of plaintiff's case, which instruction was in the nature of a demurrer to the plaintiff's evidence. Vegely v. Robinson, 20 Mo. App. 199; Witte v. Quin, 38 Mo. App. 681.   (2) The court erred in refusing to give to the jury defendant's instruction No. 1.   Curby v. Book & Stationery Co., 76 Mo. App. 506; Drey v. Doyle, 99 Mo. 407; Boynton v. Bodwell, 113 Mass. 531.   (3) The court erred in refusing to give to the jury defendant's instruction No. 2.   Bellamy v. Smith, 4 Houst. (Del.) 113; Tiley v. Moyers, 43 Pa. St. 404; Day v. Watson, 8 Mich. 535; Briggs v. Thompson, 9 Pa. St. 338; Hegeman v. McArthur, 1 E. D. Smith (N. Y.) 141; Graham v. Anderson, 3 Harr. (Del.) 364.   (4) The court erred in giving to the jury of his own motion for both plaintiff and defendant, instruction marked C-1.   (5) The court erred in giving to the jury of his own motion for both plaintiff and defendant's instruction marked C-2. Mathews v. Tobener, 39 Mo. 115; Buck v. Lewis, 46 Mo. App. 227; Livermore v. Eddy, 33 Mo. 547; Duffy v. Day, 42 Mo. App. 638; Harrison v. Russell, 75 Mo. App. 113; Schnisler v. Ames, 16 Ala. 73; Mackellar v. Sigler, 47 How. Pr. 20; Fitch v. Sargeant, 1 Ohio (Ham.) 352; Randall v. Rich, 11 Mass. 493; Carson v. Arvantes, 10 Colo. App. 388; Lafferty v. Hawes, 63 Minn. 13; Bird v. Defonvielle, 2 C. & K. 415; Rice v. Dudley, 65 Ala. 68; Calhoun v. Achison, 4 Bush (Ky.) 261; Shahan v. Hertzberg, 73 Ala. 59; Colville v. Miles, 45 Hun 236; Kneeland v. Schmidt, 78 Wis. 345.

*Charles W. Holtcamp* and *Henry A. Baker* for respondent.

(1) Respondent did not acquiesce in appellant's abandonment of the premises in question nor was there,

under the circumstances of this case, a constructive eviction of appellant. Buck v. Lewis, 46 Mo. App. 231; Huling v. Roll, 43 Mo. App. 243. (2) No error was committed by the trial court either in giving or refusing instructions. O'Neil v. Capelle, 56 Mo. 396; Walters v. Railroad, 78 Mo. 617; Kendig v. Jackson, 105 Mo. 196; Newby v. Railroad, 19 Mo. App. 391; Mitchell v. Plattsburg, 33 Mo. App. 555; Smith v. Eno, 15 Mo. App. 576.

BLAND, P. J.—In September, 1903, the defendant (a corporation) was a tenant of the plaintiff from month to month occupying a store room, known as 807 and 809 N. Third street, city of St. Louis, at a rental of one hundred and twenty-five dollars per month. About September 25th or 26th, defendant's secretary asked the plaintiff to reduce the rent. Plaintiff refused to reduce the rent, and the secretary said, "We will have to look for some other place." Plaintiff replied, "if that is your intention, I cannot hold you." A few days later, but before the end of the month, plaintiff told defendant's officers that if it was their intention to move to give him written notice. The answer to this request was, "It is not necessary." Plaintiff replied, "We have got to have one, it is the law." Plaintiff testified that he made a demand on defendant's officers for written notice of defendant's intention to quit on several occasions before the end of September. On September thirtieth, defendant vacated the premises, and on October 3rd served plaintiff with a written notice of its intention to vacate on or after September 30th. On the day defendant moved, it made an effort to deliver the keys to plaintiff but did not succeed in finding him. This was on Saturday. On the following Monday morning one of defendant's officers offered to deliver the keys to plaintiff at his place of business. Plaintiff refused to receive the keys and they were left in plaintiff's store.

The court properly refused to instruct on the theory that plaintiff had waived the necessity of a written notice to terminate the tenancy. The evidence not only fails to show a waiver of necessity of written notice, but on the contrary is all one way that plaintiff demanded of defendant a written notice of its intention to quit at the end of September, if such was its real purpose.

2. The plaintiff was in the commission business and occupied a storeroom (No. 805) adjoining the store occupied by defendant. The two rooms were separated by a solid wall with no opening from one into the other. Plaintiff testified that on the fifteenth of October, he unlocked the door of the storeroom defendant had vacated, which opened on the sidewalk, and placed in it a lot of chicken coops and from twenty-five to thirty barrels of apples, and that thereafter he continued to use the room for storing chicken coops, barrels of apples and Christmas trees. Defendant's evidence is that plaintiff had chicken coops and apple barrels in the room as early as October 10th. On this branch of the case, the court instructed the jury as follows:

"The court further instructs you that although you find and believe from the evidence that on October 31st, 1903, defendant vacated the premises and abandoned the same, and that plaintiff refused to accept the keys to said premises on November 2, 1903, and that defendant's officers or agents left the keys in plaintiff's place of business, and that plaintiff thereafter took said keys so left and used said premises, yet this will not preclude plaintiff from recovering the rental, unless you believe from the evidence that plaintiff took possession of said premises with the intention and purpose of releasing defendant from further liability on account of the rent."

Under the evidence, I do not think the plaintiff's intention in occupying the premises is controlling or that it has any bearing whatever on the issue of the

termination of the tenancy prior to the end of the month of October, for the reason, in my opinion, plaintiff's acts and conduct in occupying the premises, for the purpose of storing merchandise he had on hand for sale, amounted to a constructive eviction of defendant and precludes plaintiff from recovering rent after he took possession of the storeroom. The question of intention, in such circumstances, can only arise where the landlord exercises such dominion over the vacated premises as may be consistent with the continuation of the tenancy. Thus, a landlord may enter the vacated premises for the purpose of guarding and protecting them from a threatened injury or to prevent waste, to abate a nuisance, or to make such repairs as would not interfere with the occupancy of the absent tenant, if he should return, but where, as in the case of a dwelling, the landlord moves his own family into the premises, or puts another family in possession thereof or makes repairs with a view of obtaining a higher rent, or where as in this case, the vacated premises is a storeroom, he moves his own merchandise into the room and continues to occupy it for his own convenience and profit, such occupancy is inconsistent with the notion that he is not holding possession of the premises in his own right and adversely to the former tenant. [Duffy v. Day, 42 Mo. App. 638.]

The verdict and judgment were for a full month's rent. I do not think the plaintiff was entitled to recover rent for the part of the month he occupied the premises. But my associates, on the authority of Livermore & Cooley v. Eddy's Admr., 33 Mo. 547; Prior v. Kiso, 81 Mo. 241; Muling v. Roll, 43 Mo. App. 234; Churchill v. Lammers, 60 Mo. App. 244; Gerhart Realty Co. v. Brecht, 84 S. W. 216, are of the opinion that plaintiff's intention, in taking possession of the premises, was a question of fact for the jury to determine, and that the instruction, supra, properly declared the law, and the

judgment should be affirmed. The judgment is therefore affirmed.

ON MOTION FOR REHEARING.

GOODE, J.—The evidence in this case shows that plaintiff refused to waive notice of defendant's intention to vacate the premises and insisted on a written notice being given. This insistence was carried to the extent of refusing to accept the keys; whereupon defendant laid the keys down in plaintiff's office and left them. After such conduct as this, showing a firm intention on the part of plaintiff to stand on his legal right to be notified, it appears erroneous to hold plaintiff waived the requirement of written notice by putting some chicken coops and barrels in the building which were easily removable and, as plaintiff testified, could have been gotten out and the premises turned over to defendant or any other tenant, in a few moments. The chicken coops were moved into a vacant house to get them off the sidewalk and there was no connection between the room defendant had occupied and plaintiff's place of business. A surrender of a term must have the concurrence of both landlord and tenant. It may be express or inferred from certain acts of a landlord. If there is no proof of any express assent by the landlord to accept a surrender, but circumstances go to show an acceptance, they are for the jury unless they are conclusive as to the landlord's intention. [Jones, Landlord and Tenant, secs. 544, 549.] When the tenant vacates without the landlord's consent, it is usually held the latter may relet without working a surrender, though the old tenant will be entitled to an abatement from the rent in proportion to what is collected from the new one. [Jones, Landlord and Tenant, sec. 549.] This being the law, why should a landlord bring about a surrender by casual use of the premises? The whole matter is one of intention. The law will imply an accept-

ance of a surrender only when the purpose to accept is clear from acts done inconsistent with a purpose to continue the lease. In this case there were no such acts as would raise a legal presumption that plaintiff assented to a surrender, but only such as were evidence for the jury on that issue. It would be an injustice, after defendant had willfully abandoned the premises against plaintiff's protest, to say, as a legal conclusion, that plaintiff, by putting some articles temporarily in the room, elected to release defendant from liability for rent. Palpably there was no such intention, nor can the conclusion be justified by the principles of estoppel, because defendant did not want to use the premises and was not prejudiced. It would be entitled, on a proper claim to a deduction from the rent of the value to plaintiff of the use of the premises.

For the foregoing reasons I think the motion should be overruled. *Nortoni, J.,* concurs.