## W. B. SANFORD v. C. ROBERT McGINNIS et al.

Springfield Court of Appeals, March 11, 1922.

1. **LANDLORD AND TENANT:** Burden on Tenants to Show Non-liability for Rent under the Terms of an Admitted Lease. In an action for rent under an admitted lease, the burden was properly put on the defendants to show some reason why they should be relieved from paying the rent according to the terms of the lease.

2. ————: Defendants Held to Have Knowledge of Notation on Lease. Lessees will be held to have a constructive knowledge of a notation on the lease, in their possession, permitting them to sublet the premises, but holding them liable for the rent.

3. ———: **Accepting Rent from Occupant Does Not Discharge Lessee.**
Where a lease contains a covenant by which lessee agrees to pay
lessor rent for the whole term, mere knowledge on the part of
the lessor of the occupancy of one who purchased the business of
a sublessee, does not show that the lessor has discharged the original
inal lessee from the covenant to pay for the whole term.

Appeal from the Circuit Court of Greene County.—*Hon.
Orin Patterson,* Judge.

AFFIRMED.

*Hamlin & Hamlin* for appellants.

*Barbour & McDavid* for respondent.

FARRINGTON, J.—This is an appeal by the de-
fendants from a judgment rendered in the circuit court
of Greene County. After the evidence was all in and
the case closed in that respect the court directed a ver-
dict for the plaintiff.

There are two errors assigned. First, that the court
should have submitted to the jury the question of plain-
tiff's intention to release the defendants from liability
on account of a lease which was executed by the parties
in this suit. Second, that the court erred in excluding
testimony which appellant claims tended to show an in-
tention on the part of the plaintiff to release the defend-
ants from liability.

The facts are, that a suit was brought by the plain-
tiff based upon a written lease executed by the parties
on February 17, 1914, wherein the defendants leased a
store building in the city of Springfield from the plain-
tiff for a term of five years beginning on the 1st day of
March, 1914. The evidence all shows that the rent of
$100 a month was paid up to the 31st day of August, 1915.

The undisputed testimony further shows that the plaintiff executed a new lease on this property to the Fair Dry Goods Company, to take effect August 1, 1916. It is for that interim from August 31, 1915, to August 1, 1916, that the plaintiff sued for unpaid rent. The lease contained the following covenant: "That any default in the payment of any monthly installment of rent for ten days after the same is due, they (defendants) will at the request of W. B. Sanford quit and render to him the peaceable possession thereof; but for this cause the obligation to pay shall not cease."

The answer filed by the defendants, if they are to be held on the admissions therein contained, clearly estops the defendants from making any defense whatever to this suit, because in the answer they admit that they and their sub-tenants, for whom they were responsible to Sanford for the rent, occupied the building up to August 31, 1915; however, appellants contend now that that time set out in the answer was a mistake but claim that the following are the facts of the case: That the defendants occupied the store for about five months after the lease began to run, that they then sub-leased it to one Landes and put him in possession of the premises, and that after that time they never paid any attention whatever to this building or to the payment of the rent. The evidence further shows that Landes occupied the building about seven months and sold his business out to one Murray, and that Murray continued to occupy the same until he quit paying the rent, the last of August, 1915.

On the back of the lease, which defendants offered in evidence, was the following notation: "August 21, 1914. I hereby consent that McGinnis Bros. may sublet the within premises to William Landes upon the express condition only that McGinnis Brothers remain bound to guarantee the payment of the rent as it becomes due according to the terms mentioned herein. (Signed) W. B. Sanford." In this case, the lease being admitted, the

burden was properly put on the defendants to show some reason why they should be relieved from paying the rent according to the terms of the lease. Defendants admit in the evidence that they occupied the building for five months, when they turned it over to Landes, and admit that the Landes holding was their holding, and admit that they talked to Sanford and got his permission to put Landes in the building. When, therefore, they put this lease in evidence with the notation on it that they will not be relieved from the covenant to pay rent, they are bound by that permission to sub-let, and in fact on cross-examination the defendants did not deny that the notation was on their lease but simply said they did not know whether it was there or not. It is very evident from reading the record that the notation was on the lease; that it was in defendants' possession, and that they either knew it was there or certainly should be held to a constructive knowledge that it was there.

It appears from the evidence that when Landes quit the occupancy of the building, he turned it over to one Murray, and he did that when none of the defendants were living in Springfield and at a time when the plaintiff was away on a visit. When the plaintiff returned to Springfield and went to the store to demand his rent, he then found that this new man, Murray, occupied the premises and Murray paid him several months' rent while he occupied it and before he quit the premises and left town. All that defendants' testimony shows with respect to this man Murray is that plaintiff accepted rent from him. This, under the decisions which we will cite hereafter, is no evidence whatever on which a jury could base a finding that by accepting rent under these circumstances and under this lease the plaintiff had released the original lessees from the obligation of this covenant, which we have heretofore quoted. Any evidence therefore which the defendants claim would show a release from Sanford up to the taking of money from Murray cannot be counted as evidence of a release, first,

because the pleadings of the defendants preclude them from going into it, and second, because their testimony shows that up until Murray did occupy the building they were responsible for the rent, and the notation on the lease served notice on them that the plaintiff intended to hold them for rent rather than to release them from rent, and the taking of rent from one who occupies the premises under the original lessee's without more is not evidence of a release.

A distinction is made in cases in this State between cases of release by a landlord where the occupancy is under a lease containing a covenant to pay to the end of the term, and under a letting of property where the basis of the obligation to pay rent is placed on occupancy of the premises.

Respondent has phrased the law in his brief as we understand it to be, which is: "Where the lease contains a covenant by which a lessee agrees to pay the lessor rent for the whole term, mere knowledge on the part of the lessor of the occupancy of another, or acceptance of rent from the occupant, does not show that the lessor had discharged the original lessee from his covenant to pay for the whole term." The following cases sustain this statement of the law: Ward v. Krull, 49 Mo. 447; Jones v. Barnes, 45 Mo. App. 590; Whetstone v. Mc-Cartney, 32 Mo. App. 430; Charles v. Froebel, 47 Mo. App. 45; Hendrix v. Dickson, 69 Mo. App. 197; Holliday v. Noland, 92 Mo. App. 403, 67 S. W. 663; Wells v. Warnick, 198 S. W. 1121; 1 Tiffany on Landlord & Tenant, 562; see, also, same Volume, page 1124; Taylor on Landlord & Tenant, sec. 438.

The covenant in this lease gave the plaintiff a right to possession of these premises when the rent was in arrears ten days, therefore, the taking of possession of the premises by plaintiff after the defendants had gone off and were paying no rent, after their sub-lessee, Landes, had gone off and was paying no rent, and after Murray, who occupied the building, put in possession of

same by Landes, who was defendants' sub-lessee, had gone off and was paying no rent, and the building was unoccupied and needed attention, could not be counted against plaintiff, with such right in the lease, as evidence of a release of defendants, because he was merely doing that which the lease gave him a right to do. Therefore, defendants' evidence that Sanford had accepted rent from Murray, who had been put in possession of the building without Sanford's knowledge, and by one whom the defendants were responsible for, and the taking of possession after Murray quit, which he was justified in doing under a provision of defendants' lease, cannot under the law of this State be sufficient evidence on which to base a finding that the lessor had relieved the original lessees from their covenant to pay to the end of the term.

The principal case relied upon by appellant, which is Sander v. Commission Co., 121 Mo. App. 293, 99 S. W. 12, clearly shows that the lessor there did acts which were not consistent with the terms of his lease but were inconsistent with an intention on his part to continue holding the lessees. And the conclusion can well be drawn from the cases which we have cited, and which are cited by the appellant, that where a lessee attempts to show that he has been relieved from a covenant to pay rent to the end of a term under a lease in which he has entered, he will fail in such proof to make the case for a jury where his evidence of what the lessor has done shows that the lessor has done nothing other than that which the lease gave him a right to do. There must be some act by the lessor which cannot be consistently done under the lease, and which shows that he has concluded to look no farther to enforcing the terms of the lease.

Other cases cited by appellant, such as Sessinghaus v. Knocke, 127 Mo. App. 300, 105 S. W. 283, are not applicable here, for there the tenancy was from month to month, without a covenant in the lease to pay to the end of a certain term. In the case of Robertson Bros. v.

Winslow Bros., 99 Mo. App. 546, 74 S. W. 442, the evidence shows that all of the parties there did acts which were entirely inconsistent with the right to further hold the lessees.

The case of Huling v. Roll, 43 Mo. App. 234, holds that the making of a new lease by a lessor amounts to an eviction of the first tenant.

In this case, when Sanford made a new lease to the Fair Dry Goods Co.,· he undoubtedly by such act terminated his right to require rent from these defendants to the end of their term, but this suit is not based upon rent due after the taking effect of the Fair Dry Goods Co. lease.

Other questions which were raised in appellant's brief here were not raised in the motion for new trial, and under the well-recognized rule they will not be considered. It results that the judgment must be affirmed, and it is so ordered. *Cox, P. J.,* and *Bradley, J.,* concur.