Clemens v. Broomfield.

CLEMENS, Respondent, *vs.* BROOMFIELD, Appellant.

1. Nó instrument can be a lease which is not signed by the lessor.
2. In a tenancy from year to year, a surrender by operation of law takes place when, by the consent of both parties, another person becomes tenant of the premises, and the landlord collects rent from him.
3. Instructions are still proper on a trial without a jury, in cases appealed from justices of the peace.

### *Appeal from St. Louis Circuit Court.*

This was an action begun before a justice of the peace by Clemens against Broomfield, to recover rent for one month and a half ending August 16, 1850. There being a judgment for the plaintiff before the justice, the defendant appealed to the Circuit Court. At the trial, the plaintiff read in evidence the following instrument of writing :

" I have leased from James Clemens, jr., for one year, with the privilege of five, to commence on the first day of April, in the year one thousand eight hundred and forty-eight, (1848,) that brick house and lot on Olive street, in block number thirty-one, (31,) in the city of St. Louis, bounded on the north by Olive street, on the east by lot belonging to Mrs. Octavia Delany, on the south by an alley, and on the west by a lot belonging to W. S. Harney, at six hundred and fifty dollars ($650) per annum, payable monthly, on the first days of each and every month ; and it is expressly agreed and understood by and between the lessor and lessee, that if, at any time, said rent should be behind and in arrear, it shall and may be lawful for the lessor, or his successors, to enter into and upon the premises, and declare the lease forfeited and ended, and to take possession of the premises hereby leased, after having first given three days' notice in writing, which said notice may be served by posting a copy or duplicate of the same upon the premises, or by delivering a copy of such notice to said lessee or his legal representatives ; and in case of the non-payment of rent, all the fixtures in the house, with the furniture in the

same, and improvements, if any made by the lessee, are pledged and to be held bound for the payment of any rent due and unpaid, and are not to be moved until all sums due for rent or balances of rents, are paid. The said brick house and lot, at the expiration of this lease, to be surrendered to the lessor, his heirs, successors or assigns, in the condition received, excepting only its natural wear and decay. The lessee hereby engaging to pay double rent for every day that he or any one else in his name shall hold on after the expiration of this lease, or its forfeiture, in consequence of the non-payment of rent, as herein stipulated. This brick house and lot is to be kept free from nuisances at the expense of the lessee.

"W. W. BROOMFIELD."

There was evidence that, after the defendant had entered upon the second year, and between the 1st of April and the early part of May, 1849, he put Coulter & Colman in possession of the premises. Colman applied to the plaintiff for his consent to the transfer. Plaintiff replied that the lease gave him no right to prohibit the transfer, and he did not care who was in the house, so long as he received his rents. Two or three transfers of the premises were made after this, with the consent of the plaintiff expressed in similar terms. After the first transfer by the defendant, plaintiff always received the rents from the parties in possession, but gave receipts in the following form : "Received of W. W. Broomfield, per ———," &c., and, as his clerk testified, "always refused to release the defendant." The rent sued for accrued during the tenancy of the last tenant.

The defendant asked the following declaration of law, marked "B," which the court refused to give.:

"If the jury believe from the evidence that defendant, with the consent of plaintiff, transferred the lease to other parties, and that said parties, without the consent of the plaintiff, and without the knowledge or consent of defendant, transferred the said lease to third parties, that plaintiff received rents from said parties, and that the amount sued for accrued during the

time said third parties were in possession, defendant is not liable for such rent, and the jury will find for the defendant."

Instructions to the effect that the consent of Clemens to the transfer of the possession of the premises, and the acceptance by him of rent from the subsequent occupants discharged the defendant, were refused. The court declared the law as follows : " The relation between plaintiff and defendant, under the lease, not having been dissolved during the first year, the term, in effect, became extended to the full five years ; and the evidence fails to establish such a surrender or release after the first year, as operated to discharge the defendant from his obligation to pay rent."

The defendant excepted, and after a judgment for the plaintiff, appealed to this court.

*Leslie & Barrets,* for appellant. 1. The law is well settled that an actual change of possession, by the mutual consent of landlord and tenant, and an acceptance of rent by the landlord from those in possession, amounts to a surrender of the lease by the tenant, and releases him from all obligation to pay rent. Coote on Landlord and Tenant, 397, 398. *Bees* v. *Williams,* 2 Crompton, Meeson & Roscoe, 581. *Reeve* v. *Bird,* 1 ib. 37. *Hall* v. *Burgess,* 5 Barn. & Cress. 333. *Mallet* v. *Grayne,* 2 Campbell, 103. 2. The lease to Broomfield is for one year, with the privilege of five. This, we maintain, is not a lease for a longer term than one year, unless renewed or extended by some further action of the parties. Broomfield's retaining possession after the expiration of the one year, is not of itself sufficient to create such a renewal or extension of the lease, but only constitutes him a tenant at sufferance.

*H. N. Hart,* for respondent. 1. The fact that the lease was transferred, even with Clemens' consent; and that Clemens accepted rent from the assignees, did not release the defendant from his liability under the lease. Taylor on Landlord and Tenant, 213, and numerous authorities cited. 2. The instruc-

tions asked by the defendant were properly refused, for the reason that the trial being before the court, it was improper to ask instructions. New Practice Act, art. 15.

GAMBLE, Judge, delivered the opinion of the court.

1. The instrument produced by the plaintiff as a lease to the defendant, Broomfield, appears to be signed and sealed only by the defendant, and on its face, it has no language or expression purporting to be the language of Clemens. It contains no grant from him of any interest in the premises demised ; and although Broomfield recites that he had leased the premises from Clemens, this may as well mean that the demise was by parol as by written lease. ·The instrument produced is not itself a lease. *Marlow* v. *Wiggins*, 3 Gale & Dav. 504. *Richardson* v. *Gifford*, 1 A. & E. 55. Although a lease may be made in a very informal manner, and by almost any words that show the intention of the parties, yet the lessor makes no written lease until he has signed the paper.

2. The present case stands as a parol lease by Clemens, and if it is contended that it was a demise for five years, it can, at most, only operate as a lease from year to year, under our statute of frauds. The instrument produced contains no express covenant on the part of Broomfield to pay the rent during the term. The case, therefore, is to be regarded, in a suit brought as this is, to recover part of the rent of the third year, as a tenancy, from year to year, with the tenant bound to pay the rent for the current year, as the result of his occupying the premises. In such tenancy, a surrender by operation of law takes place when, by the consent of both parties, another person becomes tenant of the premises, and the landlord collects rent from him. *Bees* v. *Williams*, 2 Crompt. Mees. & Ros. 581. *Hall* v. *Burgess*, 5 Barn. & Cress. 333. *Thomas* v. *Cook*, 2 Barn. & Ald. 119. *Hamerton* v. *Stead*, 3 Barn. & Cress. 478. *Matthews* v. *Sawell*, 8 Taunt. 270.

3. The present case came to the Circuit Court by appeal

from a justice of the peace, and the trial was before the court. The court did not make a decision in writing, as is required by the code, in cases of trial by the court without a jury, but determined the question of law in the form of instructions given and refused. We have already, in at least two cases at this term, expressed the opinion that the cases which come by appeal from justices of the peace, are not regulated by the code, in respect to finding facts by the court, when the trial is without a jury; and that the old practice of hypothetical instructions, or declarations of the law by the court, is the practice still to be pursued in such cases.

In the present case, the views of the law taken by the Circuit Court, in giving instructions and refusing those asked by defendant, do not correspond with those expressed in this opinion in relation to a surrender. The declaration or instruction asked by the defendant, marked B, ought to have been made by the court, as a declaration of the law applicable to the case. So the instructions given by the Circuit Court give a different effect to the written instrument which was in evidence, from that which this Court thinks it entitled to.

The judgment is, with the concurrence of the other judges, reversed, and the cause remanded.