Kerr *v.* Clark.

---

———◄●●►———

KERR, Respondent, *vs.* CLARK, Appellant.

1. A parol lease, for a term of years, though by the statute of frauds declared to create a tenancy at will, has the effect of creating a tenancy from year to year, such being the established construction.
2. It is not a sufficient plea of a surrender to state that the tenant delivered up possession of the premises to the landlord. It must be stated that the landlord consented to accept the possession and discharge the tenant.

*Appeal from St. Louis Circuit Court.*

Kerr sued Clark for the rent of a house for the two quarters ending April 1st, 1852. Clark answered that he rented the house verbally for five years, thereby becoming a tenant at will ; and that, on the 17th of February, 1852, finding that he was unable to pay so high a rent, he left the house and delivered the possession thereof to the plaintiff or his agent. A motion to strike out this answer being sustained, the defendant asked leave to file an amended answer. Being requested to state in what particulars he proposed to amend, his counsel stated that "it was simply as to what already, as he was of opinion, sufficiently appeared in the answer, to-wit, the delivery of possession to defendant." The court refused to allow the amendment, and gave judgment for the plaintiff, from which the defendant appealed.

*M. L. Gray,* for appellant. 1. The defendant was a tenant at will only, and the delivery of the possession of the premises to the plaintiff, on the 17th of February, 1852, put an end to the tenancy and discharged him from further rent.

Kerr v. Clark.

Statute of Frauds, R. C. 1845, sec. 1. 2 Smith's Lead. Cases, 159–60. 1 Pick. 45. 3 Met. 350. 13 Maine, 214. 2. But if defendant was a tenant from year to year, the tenancy was terminated by the act of the parties on the 17th of February, 1852. The premises were delivered to the plaintiff, and of course accepted by him. This terminated the tenancy. Chitty on Contracts, 329, and notes. 5 Taunt. 518. 8 B. & C. 324. 3 Nev. & Perry, 243. 7 Watts, 123. 3. If the appellant's answer did not sufficiently allege a surrender, he was entitled to amend. New Practice Act, art. 11, secs. 5, 7.

*Knox & Kellogg*, for respondent. The answer admits an agreement by which the defendant became a tenant from year to year, and that he left in the middle of a quarter, and surrendered the premises to the plaintiff. It is not alleged that the plaintiff assented to the surrender. 3 Esp. 225. 5 Taunt. 518. 2 Starkie, 379.


GAMBLE, Judge, delivered the opinion of the court.


1. The defendant being sued for the rent of a house for two quarters, answers that he held the house under an agreement for five years, but that such agreement not having been reduced to writing, he was, under the statute of frauds, but a tenant at will. The agreement was made and the renting commenced in 1850, and he held the property until 17th February, 1852, when he says he delivered the premises to the plaintiff or his agent. He admits his liability for four months and seventeen days' rent, ending 17th February, 1852.

The answer discloses an actual holding from some time in 1850 until February, 1852, under a parol agreement or lease for five years. A parol lease, though by the statute of frauds declared to create a tenancy at will, has the effect of creating a tenancy from year to year, such being the established construction of the statute of 29 Car. 2, chap. 3, from which our statute is taken. *Clayton* v. *Blakely*, 8 Term Rep. 3. Such is the effect of the holding at an annual rent, as admit-

ted in this case, for a period extending through parts of three years.

2. The defence set up or attempted to be stated in the answer, if really there is any defence intended to be made seriously, is a surrender by the tenant and acceptance by the landlord. The acts of the parties may effect a surrender by operation of law without writing. R. C. 529, sec. 2. The actual change of the possession from the lessee to another tenant, and the acceptance of rent from him by the landlord, operates a surrender. So it has been said that an actual change of possession, by mutual consent of landlord and tenant, will amount to a surrender of the term, by act and operation of law. But it is evident that, to effect such surrender, there must be the consent of all the parties, and this consent may be shown by acts of the landlord and tenant, which conclude them on the question of consent. In the present case, the answer of the defendant says that "he left the house and delivered the possession thereof to the plaintiff or his agent." Does this language sufficiently state the facts which constitute a surrender? The whole allegation is of acts done by the defendant, but whether with the consent of the plaintiff or not is not stated. The fact that the plaintiff accepted the possession of the property with the purpose of holding it discharged of the tenancy, is not stated. The whole that the defendant alleges is, that he delivered the possession to the plaintiff or his agent. Now his act, without the consent of the plaintff to accept the possession and discharge the defendant as his tenant, did not amount to a surrender. This is like the plea of accord and satisfaction, in which it is necessary to aver the acceptance of the thing in satisfaction of the plaintiff's demand. The defence consisted of the delivery, and the acceptance in satisfaction, according to the agreement of the parties.

The defendant's answer being insufficient, leave ought to have been given to amend, if the defendant had not cut himself off from such leave by his answer to the question propounded by the court. When the attorney asked leave to

amend the answer, the court desired to know in what particular he proposed to amend, and he stated that " it was simply as to what already, as he was of opinion, sufficiently appeared in the answer, to-wit, the delivery of possession to defendant." The record, it may be supposed from the context, uses the word " defendant," in this last sentence, by mistake, instead of " plaintiff." The attorney evidently did not propose to make any substantial amendment, by stating any act of the plaintiff in accepting or using the premises surrendered by the defendant, or he would not have insisted that the answer, when amended as proposed, would contain no other statement of fact than what already appeared in it. With this view of the application to amend, it was properly refused.

The judgment is affirmed.