HUTCHESON, *Plaintiff in Error*, v. JONES.

**Landlord and Tenant.** A lease contained a clause authorizing the lessee to revoke it at any time by giving three months' written notice. *Held*, that this did not prevent the parties from subsequently making a contract of revocation without such notice, and if one was made and consummated by the acceptance of a new tenant, an answer alleging the fact set up a good defense to an action on the lease for rent accrued after the revocation.

*Error to Phelps Circuit Court.*—HON. V. B. HILL, Judge.

AFFIRMED.

L. F. *Parker* for plaintiff in error.

*Smith & Krauthoff* for defendant in error.

EWING, C.—This was a suit on a lease to recover rent. The lease is as follows: After the preliminary clause: Witnesseth that the said party of the first part, for and in consideration of the sum of $25 to be paid by the said party

of the second part to the party of the first part, per month, hath this day leased to the said party of the second part all the front room now occupied as a drug store, and ten feet square of the cellar under said house for the said sum of $25 per month for the drug store, and $2.50 per month for the cellar. Said party of the second part is to have the privilege of renting the said house aforesaid for five years, and can revoke the same at any time, giving said party of the first part three months' written notice; said rent to be paid each month; the said party of the second part agrees to fairly treat said premises; commit no waste, trespass or nuisance on the same.

  (Signed)    JOHN G. HUTCHESON. [Seal.]
         HUTCHESON & JONES. [Seal.]

  Plaintiff in error then testified in his own behalf as follows: In January, 1875, defendant T. J. Jones and W. T. Hutcheson were in partnership in the drug business, and as such took possession of the store and cellar named in the lease as my tenants under the lease. They remained partners and occupied the store and cellar as such till October 1st, 1875, when W. T. Hutcheson sold out to defendant Jones, who occupied the premises in the same business, and as successor to Hutcheson & Jones, till March, 1877, when J. L. Sample bought of Jones one-half of the business, and from that time till about June 15th, 1877, Jones & Sample occupied the premises as successors of Jones in the same business; up to this time nothing had been said to me about the lease. I went to the store from time to time and collected rents, which, during the partnership of Sample & Jones, were usually paid by Sample, till about June 15th, when Jones sold out to Sample. Jones told me that he had sold out to Sample, and he (Sample) would occupy the premises and pay the rent from that time on, and I made no objection; said "all right," and collected a portion of the rent from Sample, from June 15th, 1877, to May, 1878, when Sample failed. I never agreed to release

Jones, and never had possession from January, 1875, to May, 1878. The rent on the store-room was paid up to March, 1877, since which time I have had no settlement with the parties or any of them. The rent from the first of the lease, that is January 1st, 1875, to May 1st, 1878, on the cellar has never been paid. Then stated the account, leaving due him $350.12.·

Defendant proved on his part that when he and Sample dissolved, he turned over possession of the premises to Sample, to whom he had sold out, and gave notice of that fact to plaintiff, who made no objection; but on the contrary, when told that Sample was to pay the rent from that time on, he said "all right," and defendant paid him all that was due up to the time of that dissolution. Defendant also proved that from time to time after June 15th, 1877, plaintiff demanded rent of Sample, but never demanded rent of defendant till May, 1878, at which time Sample failed. Defendant also testified that in September, 1877, some months after he sold out to Sample, he and plaintiff had a settlement of account, in which plaintiff only claimed rent up to June 15th, 1877, the date of the dissolution, and plaintiff paid defendant a small balance due on that settlement. Plaintiff's indebtedness to defendant was on a drug bill run with him after June 15th, 1877.

At the instance of the defendant, the court instructed the jury that if they believed from the evidence that after the dissolution of the partnerthip between Jones & Sample, Sample remained in possession of the premises, and that plaintiff thereafter recognized said Sample as his tenant, and demanded and received rents of him as such, then he could not recover any rents of Jones after the date of dissolution of partnership; and further, that if the jury found from the evidence that the rents were paid up to the date of the dissolution of the partnership, they would find the issues for the defendant. There was a verdict and judgment for defendant. In due time the plaintiff filed his

motion for a new trial, and brings the case here by writ of error.

The answer of defendant Jones admits the execution of the contract sued on, but denies he retained possession of the premises until May 1st, 1878, and avers payment of all rent due plaintiff for the use of said store and cellar. Then as a second defense, it avers that on the 17th day of June, 1876, defendant was occupying said store and cellar with one J. L. Sample as the partner of Sample in the business of druggist; that on said date, with the knowledge and consent of plaintiff, he dissolved partnership with the said Sample and surrendered up to him the exclusive and sole control and occupancy of said premises, and that plaintiff on said day, and on divers days thereafter, released this defendant from any further obligation under the aforesaid lease to pay rent for said store, and then and there accepted and recognized said J. L. Sample as his tenant, and agreed to look to Sample for the rent of said premises to accrue after said date; and that the said Sample then and there agreed to pay the rents thereafter to become due under said lease to the plaintiff, and did pay the said rents up to the expiration of said lease. As a third defense, the answer avers that in February, 1877, defendant paid plaintiff $35, the balance then due from Hutcheson & Jones to plaintiff on account of rents of said premises, which said sum plaintiff accepted as full payment, and then and there relieved Jones from any further obligation on said lease.

The whole objection of the plaintiff in error seems to be that the defendant's answer set up no valid defense— that it does not properly plead a surrender. Defendant alleged in his answer that he did not owe plaintiff anything; that he had paid him all he owed, which was accepted by plaintiff in full payment of the balance of rents due, and there and then released defendant and accepted Sample as his tenant. True, the lease provided that the defendant could revoke the lease at any time " by giving said party of the first part three months' written notice," but that did

not prevent plaintiff and defendant from making a subsequent contract in relation thereto, either verbal or written; and that is just what the defendant pleads. It is then simply a question of fact for the jury under the evidence whether they did make a subsequent contract, and they having found such to be the fact, we cannot interfere. There was ample evidence to be submitted to the jury; the answer was sufficient, and we see no objection to the instructions. given for the defendant. A surrender may be inferred from the facts proved. *Matthews v. Tobener*, 39 Mo. 115. "The actual change of possession from the lessee to another tenant and the acceptance of rent from him by the landlord operates a surrender." *Kerr v. Clark*, 19 Mo. 132; *Clemens v. Broomfield*, 19 Mo. 118.

The judgment of the circuit court is affirmed, all concurring.