G. W. JONES *et al.*, Respondents, v. JOHN W. BARNES, Appellant.

### Kansas City Court of Appeals, May 25, 1891.

1. **Landlord and Tenant:** ASSIGNMENT: SURRENDER. Where there is an express covenant to pay rent, the mere assignment of the lease by the lessee, though with the consent of the landlord, and collection of rent from the subtenant by the landlord will not amount to a surrender.

2. ———: PRIVITY OF ESTATE : SUBLESSEE: SURRENDER. When a tenant is not under express covenant to pay rent to his landlord, and is only liable by reason of his use and occupation, such liability results from privity of estate, and, if this is broken by his assignment of the lease by the consent of the landlord and acceptance of rent from the assignee, it is a surrender by operation of law.

3. ———: PRIVITY OF CONTRACT : SUBLESSEE : SURRENDER. Where there is an express covenant to pay the rent, the mere breaking of the privity of estate will not release the lessee. There must be an assent of the landlord to the assignment and the acceptance of the subtenant by the landlord with the intent to substitute him in the place of the original lessee. By merely collecting rents from the assignee or sublessee, the landlord does not discharge the original lessee, who is bound by an express promise. ( *Whetstone v. McCartney*, 32 Mo. App. 430, *followed and approved with a review of the authorities.* )

4. ———: COVENANT TO PAY : SEAL. In order to hold the original tenant to his promise, in order to hold him by privity of contract, it is not necessary that his promise should be under seal.

Jones v. Barnes.

*Appeal from the Jackson Circuit Court.*—Hon. James
Gibson, Judge.

Affirmed.

*John W. Wofford,* for appellant.

The defendant, to sustain the issues on his part,
cites the following authorities : *Hutchinson v. Jones,*
79 Mo. 496; *Prior v. Kiso,* 81 Mo. 248; *Randall v.
Rich,* 11 Mass. 493; *Colton v. Gorham,* 33 N. W. Rep.
76; *Whetstone v. McCartney,* 32 Mo. App. 436; *Walls
v. Atcheson,* 3 Bing. 462; *Nickells v. Atherstone,* 10
Eng. Com. L. 943; *Smith v. Niver,* 2 Barb. 180; *Kinsey
v. Minnick,* 43 Md. 121; *Mathews v. Tobener,* 39 Mo.
115; *Kerr v. Clark,* 19 Mo. 132; *Clemons v. Broomfield,*
19 Mo. 118; *Koenig v. Miller,* 38 Mo. App. 186; *Martin
v. Stearns,* 52 Iowa, 345; *Hill v. Robinson,* 23 Mich. 24;
*Wilgus v. Lewis,* 8 Mo. App. 340.

*Karnes, Holmes & Krauthoff,* for respondents.

Under a lease containing an express promise to
pay rent for the term, the lessor has two concurrent
remedies : *First.* An action of covenant against the
lessee personally on the express promise to pay, con-
tained in the lease, being based on privity of contract;
and, *second,* of debt for use and occupation against
the persons actually in possession of the premises,
having for its basis the privity of estate. *Whetstone v.
McCartney,* 32 Mo. App. 430; *Mills v. Auriol,* 1 Smith,
Lead. Cas. [8 Ed.] part 2, 1259; *Sutliff v. Atwood,* 15
Oh. St. 186; *Taylor v. Debus,* 31 Oh. St. 468; *Fisher
v. Milliken,* 8 Pa. St. 111; *Shaw v. Partridge,* 17 Vt.
626; *Bailey v. Wells,* 8 Wis. 141; *Walton v. Crowley,*
14 Wend. 63; *Port v. Jackson,* 17 Johns. 239; *Hunckle
v. Wynck,* 1 Dallas, 305; *Moale v. Tyson,* 2 H. & McH.
387; *Harris v. Heackman,* 62 Iowa, 411.

ELLISON, J.—Plaintiffs leased to defendant for the period of five years certain real property. The lease contained the following provision : "For the use and rent thereof the said John W. Barnes hereby promises to pay said Francis P. Devens, or to his order, $375 per month for the whole time above stated, and to pay the same monthly on the first day of each month." The defendant Barnes on February 17, 1887, assigned his lease to Bennett & Hill, and thereafter the plaintiffs collected the rent of the premises from Bennett & Hill and others actually in the possession thereof; but without any agreement or previous understanding with defendant. Judgment was given for plaintiffs and defendant appeals. In defendant's brief it is stated that : "The position of the defendant is that when Barnes assigned the lease to Hill & Bennett on the seventeenth of February, 1887, he left the premises, and plaintiffs collected rent from the tenants in actual possession until the first of January, 1890, and that it was a surrender by the defendant, and an acceptance by plaintiffs, and that plaintiffs cannot, after the tenants in possession failed, call again upon the defendant for rent. We say this notwithstanding Barnes' covenant to pay rent for the whole time for which he took the lease." Plaintiffs assert the contrary of this proposition, which is the only question in the case.

Defendant concedes, in effect, that, if the case of *W hetstone v. McCartney*, 32 Mo. App. 430, is sound law, he must fail in his appeal. His contention being that the facts in that case and in this case show a surrender by operation of law. In this case there is an express promise on the part of defendant, the original lessee, to pay the rent for the whole term. It is undoubtedly the law that a party's obligation to pay rent may rest separately on either of two reasons, one by privity of contract and the other by privity of estate. In either case there may be a surrender; but I take it, that much less will constitute a surrender in the case of

privity of estate than will suffice in the case of privity
of contract.   It is possibly true that the distinction is
not always in the mind of the judges when writing on
this subject.   Where a tenant is not under express cove-
nant to pay rent to his landlord, and is only liable by
reason of his use and occupation, such liability results
from privity of estate, and if this is broken by his
assignment of the lease with the consent of the landlord
and acceptance of rent from the assignee, it is a sur-
render by operation of law.   The original tenant is no
longer liable for rent, as the only basis of his liability
(privity of estate) has been voluntarily destroyed, and
this is true regardless of the intention of the landlord to
discharge the liability, as, to repeat again, he has inten-
tionally destroyed the only thing which created the
liability.   But, when there is an express covenant to pay
the rent, the mere breaking of the privity of estate will
not release the lessee.   "There must be an assent of the
landlord to the assignment and the acceptance of the
subtenant by the landlord with the intent to substitute
him in the place of the original lessee."   Wood's
Landlord & Tenant, 847 ; *Smith v. Niver*, 2 Barb. 180.
By merely collecting rent from the assignee or sublessee,
the landlord does not discharge the original lessee who
is bound by an express promise.   He is only receiving
from the sublessee that which has accrued to him by
the privity of estate and what he had a legal right to
claim.

   That the position taken in *Whetstone v. McCartney*
may not be further questioned, we take the following
extracts from high authority :   Lord KENYON said in
*Mills v. Auriol*, 1 H. Black. 433 :   "It is extremely
clear that a person who enters into an express covenant
in a lease continues liable on his covenant notwithstand-
ing the lease be assigned over.   If the lessee assigns
over his lease and the lessor accepts the assignee as his
lessee, either tacitly or expressly, it appears from the

authorities that the action of debt will not lie against the original lessee, but all those cases with one voice declare that, if there be an express covenant, the obligation on such covenant still continues." "The liability of the lessee arising from express contract is so permanently fixed during the whole terms that no act of his own can absolve him from the lessor's demand in respect to it. An assignment with the lessor's concurrence and his subsequent receipt of rent from the assignee will be ineffectual for this purpose. The lessor, where there is an express agreement of the lessee, may sue at his election either the lessee or the assignee, or may pursue his remedy against both at the same time, though he can have, of course, but one satisfaction." *Sutliff v. Atwood*, 15 Oh. St. 186, 194. "The question is, were the defendants in error liable to the plaintiff in error, under their express covenant to pay rent during the term, for rents which accrued after they had respectively assigned all their interests in the leasehold estate, and after the lessor had accepted rent from their assignees? The affirmative of this proposition as a rule of common law has been clearly and firmly settled by numerous adjudications in the courts of common law both in England and in our country. The only case to the contrary was decided in 1651 (*Whitway v. Pinson*, Styles), which has never since been approved, or followed. In our own state the rule as above stated has been fully recognized and enforced in carefully considered cases. The liability incurred by such express covenant does not depend upon any privity of estate between the lessor and the lessee but exists by reason of the privity of contract between them. * * * Therefore the receipt of rent from the assignee of the lessee does not amount to a novation or release of the lessee, but is the assertion of a right which accrued to the lessor as an incident to the assignment." *Taylor v. Deb*, 31 Oh. St. 470.

Chief Justice GIBSON uses the following strong language in *Fisher v. Millikin*, 8 Pa. St. 111, 120 : "In conformity to this principle it has been held in an almost countless number of cases collected in Comyn on Landlord and Tenant, 275, that the tenant is bound by a covenant to pay the rent though he assign his lease with the landlord's assent, and though the latter accept the assignee for his tenant and receive rent from him. My own opinion is that this principle covers and disposes of the whole case." In *Shaw v. Partnope*, 17 Vermont, 626, it is said that, "it is a common principle of law that when a man enters into an express covnant to pay rent that covenant continues binding upon him notwithstanding he has assigned the lease. The same rule of law that would thus relieve him from his liability on his covenant would absolve him from any liability upon his promise to pay a stipulated sum for the purchase of property, if he should see fit to divest himself of that property before the promise was enforced." See also directly on this point, *Bailey v. Wells*, 8 Wis. 141 ; *Walton v. Conley*, 14 Wend. 63 ; *Port v. Jackson*, 17 John. 239 ; *Hunckle v. Wyrick*, 1 Dallas, 305 ; *Moale v. Tyson*, 2 Harris & McH. 387 ; *Harris v. Heackman*, 62 Iowa, 411 ; *Hunt v. Gardner*, 39 N. J. L. 530 ; Wood's Landlord & Ten., secs. 305, 307, 451 ; Taylor's Landlord & Ten., sec. 371.

Cases from our supreme court have been cited as being directly opposed to the foregoing authorities. In *Matthews v. Tobener*, 39 Mo. 115, it does not appear whether there was an express covenant or promise on the part of the original tenant. In *Hutchinson v. Jones*, 79 Mo. 496, there is a quotation made from *Kerr v. Clarke*, 19 Mo. 132, which is not applicable to cases of express covenant. The matter decided there was that an answer pleaded a surrender which alleged that the original tenant did not owe the landlord anything ; that the payment he made had been accepted by the landlord as the balance in full of rents, and that the

landlord had released defendant and accepted another as his tenant. In that case the defendant's evidence tended to support the answer, and there was proof of a settlement of rents with the landlord in which no claim was made for the rent which was sued for. It is true that the instruction quoted in that case seems to require much less than the defendant thought necessary as shown by his answer and proof thereunder.

A bare disconnected quotation from *Kerr v. Clarke*, 19 Mo. 132, can be made to do service in favor of defendant's contention in this case. It is there said that, "The actual change of possession from the lessee to another tenant, and the acceptance of rent from him by the landlord, operates a surrender." But the whole opinion shows that to constitute a surrender there must be consent of the landlord "to accept the possession, and *discharge the defendant as his tenant*." Besides, it does not appear in that case whether there was an express promise to pay rent. So, the following quotation is found in *Prior v. Kiso*, 81 Mo. 241: "What will amount to a surrender is often a question which may be presumed from facts. An actual and continued change of possession, by the mutual consent of the parties, will be taken as a surrender by operation of law, whether the possession is delivered to the landlord himself or to another." But as showing what the court understood from that quotation, it is immediately followed by the following: "It would be grossly inequitable for the lessor, after he has consented for the lessee to quit and look to another for the rents, to return to this compact, when he should afterwards fail to collect from him whom he *accepted as tenant instead*." The law as declared in *Whetstone v. McCartney*, and the other authorities before mentioned, is recognized in *Clemens v. Broomfield*, 19 Mo. 118, in an opinion written by the same judge who wrote for the court in *Kerr v. Clarke, supra*. It is there said that: "The present

case stand as a parol lease by Clemens, and, if it is contended that it was a demise for five years, it can, at most, only operate as a lease from year to year under our statutes of frauds. The instrument produced contains no express covenant on the part of Broomfield to pay the rent during the term. The case, therefore, is to be regarded, in a suit brought as this is, to recover part of the rent of the third year, as a tenancy from year to year, with the tenant bound to pay the rent for the current year as the result of his occupying the premises. In such tenancy a surrender by operation of law takes place when, by the consent of both parties, another person becomes tenant of the premises and the landlord collects rent from him."

II. A matter occurs to us in the course of our consideration of this case, which we deem of sufficient importance to mention. In *Whetstone v. McCartney*, the lease was under seal ; in the case at bar it is not. Does such difference alter the nature of the express promise? Our opinion is that it does not. In order that the promise might be such a covenant as would run with the land and thereby bind the subtenant to the amount and character of rent stipulated for, it may be there should be a technical covenant, that is, under seal. But in order to hold the original tenant on his promise—in order to hold him by privity of contract, we see no reason why his promise, not under seal, would not suffice.

The judgment with the concurrence of the other judges is affirmed.