DELLA YOUNG, Respondent, v. SCHOOL DISTRICT et al., Appellants.

### Kansas City Court of Appeals, June 4, 1906.

JUSTICES' COURTS: Appeal: Filing Transcript: Diligence. An appeal from a justice was perfected on the day of the trial. The transcript was not filed at the second term when the appellee secured a rule upon a justice to set up the transcript, which was done. It then filed a motion to affirm the judgment, because of a failure to prosecute the appeal with due diligence. *Held*, it was well sustained.

Appeal from Buchanan Circuit Court.—*Hon. Henry M. Ramey*, Judge.

AFFIRMED.

*Allen, Nichols & Neville* and *Samuel S. Shull* for appellant.

(1) The defendant was guilty of no laches for which he should be punished. He took his appeal, gave bond which was approved. Only the justice was in default in performing his duty. (a) The monstrous wrong done defendant appears from the record. The plaintiff had judgment for $280, being for the full term from Sept. 5, 1904, to March 23, 1905, seven months, at $40 per month and she had served but one month of the time when suit was filed. (b) The defense that is to be made in this case does not appear from the record — the defense that the plaintiff had no certificate to teach issued from any authority — that she represented that she had such certificate till it was finally demanded from her

when she desired to draw her first month's salary, then
the facts became known for the first time. (2) The
only authority for an appellate court to affirm a judg-
ment of a justice court would have to be based on some
default of the appellant. He must be guilty of not prose-
cuting his appeal according to law. This appellant was
not so in default. The case was not due for trial before
the May term, and the order of affirmance was made at
that term. R. S. 1899, sec. 1557. Construed in Hollo-
man v. Railroad, 92 Mo. 284; Meitz v. Koetter, 51 Mo.
App. 370; Westpheling v. Enright, 60 Mo. 279.

*William A. Banister* for respondent.

(1) Appellant was guilty of great laches, as he had
every legal remedy at his command for months. R. S.
1899, secs. 4069, 4070; Holloman v. Railway, 92 Mo. App.
284; Horn v. Excelsior Springs Co., 52 Mo. App. 548;
Davis v. Miller, 35 Mo. App. 254; Stearn v. McCullough,
18 Mo. 411; Brownsville v. Rembert, 63 Mo. 393. (2)
Neglect or failure on the part of the justice of the peace,
did not release him from his obligation to prosecute with-
out delay and with diligence. Studer v. Railroad, 26 Mo.
App. 349; Wilson v. Ryan, 15 Mo. App. 597; Cooksey v.
Railroad, 17 Mo. App. 132. (3) R. S. 1899, sec. 1557,
made it mandatory upon the court to sustain the motion
from the facts presented.

JOHNSON, J.—Plaintiff brought this action before
a justice of the peace and on November 26, 1904, recover-
ed judgment. On the same day defendants filed their affi-
davit and bond for appeal and the appeal was allowed.
The next term of the circuit court to which the cause
was appealed began on the first Monday of January,
1905, and the succeeding term on the first Monday in
May following. No transcript of the proceedings, etc.,
was filed by the justice in the circuit court as required
by law (Revised Statutes 1899, sec. 4069) nor did the

appellants apply to the circuit court to issue an attachment and rule on the justice to compel him to make a return of his proceedings (Revised Statutes, section 4067). On May 27, 1905, and during the May term the appellee filed a motion for such attachment and rule. This motion was sustained and on June 15th the order was obeyed by the successor in office of the justice who tried the cause. The certificate filed, among others, contained the statement "that the justice of the peace who tried said cause resigned his office after the trial . . . and when the docket and papers aforesaid came into my hands it was too late under the law for me to allow said appeal to January term of appellate court, they not coming into my hands until some thirty days after the trial aforesaid."

On June 16th appellee filed a motion to affirm the judgment on the ground that appellants had failed to prosecute their appeal with due diligence. On the hearing of this motion, the judgment was affirmed and defendants appealed.

As the appeal was granted by the justice who tried the cause on the day the judgment was rendered, no notice of appeal was necessary, but, regardless of the matter of notice, the appellants were charged with the duty to "prosecute their appeal with due diligence to a decision." [Revised Statutes 1899, sec. 4060.] And a failure to perform this duty gives an appellee the right to have the judgment affirmed on proper motion. [R. S. 1899, sec. 1557.]

The Supreme Court said in Westpheling v. Enright, 60 Mo. 279, "It is obvious that the phraseology of the statute concerning the duty of appellant to prosecute without delay is simply another form of requiring him not to be in default," and the controlling question arising from the facts before us is this, were the appellants in default in the performance of a duty imposed upon them by law when the appellee filed her motion to affirm

the judgment? Had the transcript been filed by the justice in due time, the fact that the trial of the cause had been continued from term to term would not of itself evidence any neglect of duty on the part of the appellants. [Westpheling v. Enright, supra.] In such case, the appellee would have been in a position to demand a trial at the January term and would not be heard to complain of unnecessary continuances that could have been prevented by her opposition to them. But here no transcript was filed and the appellee could not demand a trial before that was done. Finally, in order to make her judgment effective, she was compelled to assume the burden, that in no event should have been cast on her, of compelling the justice to file the transcript. Section 4069, Revised Statutes 1899, provides that "the justice before whom such appeal is made shall, within six days after the appeal is allowed, file in the office of the court having appellate jurisdiction a transcript," etc. Had the justice who tried the cause complied with this plain requirement, the transcript would have been filed on or before the second day of December and the appellee could have demanded a trial of the cause at the January term. The justice retired from office without having performed this duty and his successor according to his own showing received the papers in the cause and the docket belonging to the office on December 26th, and, under the requirements of Revised Statutes, section 4070, should have filed the transcript within ten days thereafter—not later than January 5th. Had this been done, the cause would have been triable at the May term.

These defaults of the justices imposed a duty on the appellants. Their obligation to prosecute their appeal with due diligence put the burden on them to take the necessary step to perfect the appeal when the official neglect of duty became apparent. They should have acted with reasonable diligence to place the appellee in a position to demand a speedy trial. Their first opportunity to move for a rule and attachment was presented at

the January term. During that whole term the justice was in default and appellants could have obtained the necessary order had they asked for it. This neglect prevented the cause from being made triable at the May term. At this latter term appellants again failed to act and more than three weeks of it passed before the appellee took upon herself the task of perfecting the appeal. The affidavits presented on the hearing of the motion to affirm disclose no good reason for what appears to be a clear neglect to prosecute the appeal with reasonable diligence. Appellants were in default when the motion to affirm was filed and no error was committed by the learned trial judge in sustaining it. The judgment is affirmed. All concur.