J. ANTON HOELZEL, RESPONDENT, v. ANN KELLY AND RAY DUFFY, DEFENDANTS, RAY DUFFY, APPELLANT.*

Kansas City Court of Appeals. February 28, 1927.

*Corpus Juris-Cyc. References: Appeal and Error, 3CJ, section 1096, p. 1085, n. 61; Justices of the Peace, 35CJ, section 536, p. 818, n. 22; section 600, p. 851, n. 3; Landlord and Tenant, 36CJ, section 1146, p. 338, n. 85; section 1228, p. 373, n. 76.

*Robert E. Rooney* for respondent.

*Joseph P. Duffy* for appellant.

ON REHEARING.

BLAND, J.—This is an action for rent. The case originated in a justice court by the filing of a statement therein by plaintiff asking for two months' rent from December 6, 1923, at $75 per month. The premises, located at 2700 Gillham road, in Kansas City, Missouri, were rented to defendant from month to month. There was a judgment for plaintiff in the justice court, resulting in an appeal on the same day by defendant to the circuit court. The judgment of the justice was filed in the circuit court on May 9, 1924. On September 13, 1925, plaintiff filed a motion in the circuit court to affirm the judgment of the justice for the reason that under the rules of the circuit court, adopted on January 11, 1925, the cause since that day could have been listed for trial under such rules and that defendant had failed and neglected to list the cause for trial and had "not prosecuted his appeal according to law and with due diligence to a decision as he is required to do by the statutes of Missouri." The motion to affirm the judgment was sustained by the court. Defendant filed a motion for a new trial which was overruled, resulting in his appealing the case to this court.

Defendant insists that the court erred in sustaining the motion to affirm the judgment of the justice while plaintiff claims that the motion was properly sustained for the reason that defendant failed to prosecute his appeal with due diligence to a decision. By the provisions of section 2891, Revised Statutes 1919, the applicant for an appeal from a judgment of a justice is required to enter into a recognizance conditioned that the applicant will prosecute his appeal with due diligence to a decision, and section 1704, Revised Statutes 1919, provides that in case an appeal from a judgment of a justice of the peace is not prosecuted by the appellant according to law, the judgment shall be affirmed. The provision that the appeal shall be prosecuted with due diligence to a decision merely requires that the appellant shall perfect his appeal as required by law (Rabin v. Pierce, 103 Pac. 771; Young v. School District, 119 Mo. App. 108), and he shall not be in default in the performance of a duty imposed upon him by law. [Westpheling v. Enright, Admr., 60 Mo. 279; Young v. School District, supra, l. c. 110; Holloman v. Ry. Co., 92 Mo. 284; Horn v. The Excelsior Springs Co., 52 Mo. App. 548.] It does not mean that where an appeal has been fully perfected, plaintiff, who as an original proposition is always the actor both in

the justice and circuit courts, has not the duty to bring the case on for trial but that that duty devolves upon the defendant although he is the appealing party. [Kraker v. Superior Court, etc., 115 Pac. 663, 664 (Calif.) ; Young v. School District, supra, 1. c. 111.]

In Young v. School District, supra, the judgment of the justice was affirmed because the transcript of the justice had not been filed by the appellant in due time. In that case the court said, 1. c. 111—

"Had the transcript been filed by the justice in due time, the fact that the trial of the cause had been continued from term to term would not of itself evidence any neglect of duty on the part of the appellants. [Westphaling v. Enright, supra.] In such case, the appellee would have been in a position to demand a trial at the January term and would not be heard to complain of unnecessary continuances that could have been prevented by her opposition to them. But here no transcript was filed and the appellee could not demand a trial before that was done."

There was nothing in the case at bar to prevent plaintiff from listing the case for trial at any time after the adopting of the rule in question and thus bring the case on for disposition. The rule referred to in the motion to affirm the judgment permits either party to list the case for trial. It does not purport to cast this burden solely upon defendant so we need not pass upon the question as to whether the rule would be a valid one if it had cast such a duty upon him. [See State ex rel. v. Withrow, 135 Mo. 376.] We think that the court should not have sustained the motion to affirm the judgment of the justice.

However, it is admitted by both parties that in order for us to consider this appeal defendant should have made out a prima-facie showing of a meritorious defense to the action. We are merely deciding this case on the theory upon which it is submitted to us and are not passing upon the question as to whether defendant has that burden. Plaintiff insists that defendant failed to show a meritorious defense. In support of defendant's amended motion for a new trial and to set aside the order to affirm the judgment of the justice, defendant filed affidavits showing the following facts as distinguished from mere conclusions of law: That he was a tenant of plaintiff prior to September 29, 1923; that when he originally rented the premises he informed plaintiff or his agent that he intended to keep said premises only until he could sell the furniture that he owned, which was in the premises; that he informed plaintiff or his agent that he was renting the premises because he thought he could sell the furniture to better advantage if it was in a rooming house; that on September 29, 1923, he sold the furniture to one Anna Kelly and turned over the premises to her; that said Anna Kelly informed plain-

tiff or his agent at the time she paid the balance of the rent for the month ending December 5, 1923, and when she paid the rent before that time, that she was buying the place and had bought all of defendant's interest in it; that on December 3, 1923, plaintiff's agent executed a written receipt to Mrs. Kelly acknowledging receipt from her of the balance of the rent for the premises for the month ending December 5, 1923.

There was no notice to quit but we think that these facts make out a prima-facie case of a surrender by operation of law of the premises by the defendant to his landlord prior to the time for which rent is sued for in this case. In the case of Charless v. Froebel, 47 Mo. App. 45, 48, 49, the court said:—

"It is the generally accepted doctrine that, when a tenant occupies premises under an implied letting, or when the contract of letting is express, but contains no express covenant to pay rent other than that implied from occupancy, the right of the landlord to collect rent arises out of a privity of estate only. When, however, the contract of letting is express, and contains a covenant by the lessee to pay the rent reserved, then both privity of estate and privity of contract are established, and the right of the lessor to enforce the payment of rent is then of a two-fold nature; that is by reason of occupancy by the lessee, which establishes privity of estate and by reason of the covenant in the lease which establishes privity of contract. In cases of implied letting, or where there is no express covenant, whenever there is a change of possession with the consent of the lessor, the lessee is thereby discharged from the further payment of rent, because the privity of estate, which is the only relation existing in such cases between the lessor and lessee, is completely destroyed by change of occupancy. But not so where the lease contains an express covenant to pay the rent. In such a case the privity of estate may be destroyed by the consent of the lessor to an assignment, but, in the absence of a contract of release, the lessee still remains bound, on his covenant, to pay the rent.

"In the absence of an express covenant to pay rent, if the lessee parts with his estate, with the consent of the lessor, the privity of estate is thereby destroyed, and the lessee is not further obligated to pay rent, since there is nothing upon which to base the implied obligation. Especially is this the case where the landlord has accepted rent from the assignee." [36 C. J. 373.]

In this case there was no express covenant to pay rent. No question of that character is involved and, therefore, the relationship between plaintiff and defendant was privity of estate. Should the jury find that plaintiff accepted rent from Mrs. Kelly paid in her own behalf, after the premises were delivered to her by the defendant with

the knowledge of plaintiff, then the obligation of defendant to pay rent ceased. [Kerr v. Clark, 19 Mo. 132, 134; Clemens v. Bloomfield, 19 Mo. 118; Hutcheson v. Jones, 79 Mo. 496, 500; Prior v. Kiso, 81 Mo. 241; Jones v. Barnes, 45 Mo. App. 590; Wells v. Warnick, 198 S. W. 1121, 1122, 1123.] The affidavits filed by appellant tend to show a surrender by operation of law.

The judgment is reversed and the cause remanded. *Arnold, J.,* concurs; *Trimble, P. J.,* absent.