T. E. ALLEN, APPELLANT, v. SURETY LIFE INSURANCE CO. ET AL., RESPONDENTS.—92 S. W. (2d) 956.

Kansas City Court of Appeals. February 17, 1936.

*Ira B. Burns* and *Paul T. White* for appellant.

*Goodwin Creason* for respondents, Church et al.

*Harris & Koontz* for respondent, Pearson.

*Ryland, Stinson, Mag & Thomson* and *Robert E. Rosenwald* for respondent, Wright.

REYNOLDS, C.—This is an appeal from an order of the circuit court sustaining a motion to quash an execution by the sureties on the defendant insurance company's appeal bond from a justice of the peace.

On January 31, 1933, the plaintiff instituted an action before J. J. Dougherty, a justice of the peace of Kaw township, Jackson county, Missouri, against the Surety Life Insurance Company as defendant, for a balance of $476.30 and interest thereon in the sum of $22 and for attorney's fees in the sum of $23.70, making a total of $522 claimed to be due him from such company on account of the surrender value of two policies of insurance held by plaintiff on his life with it which had been surrendered to it. Such action resulted in a judgment by default in favor of the plaintiff for the sum of $522 and costs, the defendant insurance company failing to appear. From this judgment, the defendant appealed to the circuit court of Jackson county and furnished an appeal bond with James S. Summers and W. Q. Church as sureties thereon. Thereafter, on motion of the plaintiff, the circuit court ordered a new and an additional appeal bond, which was furnished under said order with the movants as sureties thereon and duly approved by the court, which new and additional bond (omitting caption and signature) is as follows:

"We, the undersigned, Surety Life Insurance Company and James S. Summers and W. Q. Church, and Ernest H. Wright, and Siegfried Herman, and W. G. Pearson, and Goodwin Creason and George O. Warneke, acknowledge ourselves indebted to T. E. Allen in the sum of nine hundred sixty and no/100 dollars, to be void upon the following conditions:

"Whereas Surety Life Insurance Company has appealed from the judgment of Joseph J. Dougherty, a justice of the peace, in an action between T. E. Allen, plaintiff, and Surety Life Insurance Company, defendant.

"Now, if on such appeal, the judgment of the justice be affirmed, or if on the trial anew in the appellate court judgment be given against the appellant, and it shall satisfy such judgment, or if its appeal shall be dismissed, and it shall pay the judgment of the justice, together with the costs of appeal, then this recognizance shall be void; otherwise to remain in full force." ·

After said appeal was perfected and said new and additional appeal bond furnished, the Superintendent of Insurance of Missouri filed a petition for liquidation in the circuit court of Jackson county against the defendant insurance company. Upon such petition and the hearing thereof, the court rendered judgment dissolving the defendant insurance company and permanently enjoining it from the further prosecution of its business and ordered that all of its assets be vested in fee simple in the Superintendent of Insurance of the State of Missouri and his successors in office and that such Superintendent of Insurance immediately take possession of said assets together with all books and records of said company and collect all debts due it and dispose of all assets and settle all claims according to law and settle and wind up the affairs of said company with due and proper

speed and that the said Superintendent prosecute and defend actions in law and equity to protect and conserve assets formerly held by and due to the company and, for all such, employ counsel and such other assistants as may be necessary, under and with the approval of the court. It was further adjudged that the defendant life insurance company, its officers, agents, servants, and employees be permanently enjoined from the further prosecution of the business of the company or from interference with the possession, administration, and disposition of the assets of said company by the said Superintendent of Insurance.

Such order and judgment was rendered on April 27, 1934.

Thereafter and without the Superintendent of Insurance being made a party either upon his own application or upon the application of plaintiff, when the case came on for trial on appeal in the regular course in the circuit court, on September 19, 1934, the judgment of the justice of the peace was by the court affirmed; and it was further ordered that the plaintiff have and recover of and from defendant and from James S. Summers and W. Q. Church (sureties on defendant's appeal bond) the sum of $522 with interest from March 10, 1933, at the rate of 6% per annum, together with all costs, interest, and expense and that he have execution therefor. Thereafter, on December 8, 1934, such judgment was corrected by *nunc pro tunc* entry, upon motion therefor by plaintiff, so as to include as defendants therein, against whom it was rendered, the sureties upon the additional appeal bond of the defendant insurance company, Ernest H. Wright, Siegfried Herman, W. G. Pearson, Goodwin Creason, as well as James S. Summers and W. Q. Church, so that said judgment as amended *nunc pro tunc* was made to read as follows:

"Now on this day this cause coming on regularly for trial, comes plaintiff by attorney and plaintiff's oral motion to affirm the judgment of the justice of peace heretofore rendered herein is by the court affirmed.

"It is therefore ordered and adjudged by the court in accordance with the judgment of the justice of peace rendered in this court on 10th day of March, 1933, in favor of the plaintiff and against the defendant for the sum of $522 be and it is affirmed and that plaintiff do have and recover of and from defendant and James S. Summers and W. Q. Church, sureties on defendants' appeal bond thereon the sum of $522 with interest from the 10th day of March, 1933, at the rate of 6% per annum, together with all costs herein incurred and expended and have execution therefor."

It appears that the judgment by default rendered by the justice of the peace in favor of plaintiff against the defendant insurance company was based on the following return of service made by the constable of the summons issued against the defendant: "I hereby

certify that I have executed the within writ by delivering a copy of the same to the within named defendant, Surety Life Ins. Co., a cor., by leaving a copy of the same at the usual place of abode of the within named defendant, with a person of the family over 15 years of age, the 31st day of January, 1933, in Kaw Township, Jackson County, Missouri.''

This return was afterward, at the time of sustaining movants' motion to quash the execution, upon plaintiff's motion to require the constable to amend the same, amended by the constable with the permission of the court, so as to conform to the facts of said service as shown by the evidence of the constable, and made to read as follows: ''I hereby certify that I have executed the within writ on the Surety Life Insurance Company, a corporation, at its offices at 3718 Broadway, Kansas City, Missouri, by delivering a copy of the same to W. Q. Church, Vice-President, then in charge of its offices the 31st day of January, 1933, in Kaw Township, Jackson County, Missouri.''

About January 19, 1935, the movants filed their motion to quash the execution issued by the clerk of the circuit court of Jackson county on said judgment on grounds, in substance, as follows: First, because the judgment of the justice was based upon defective and void service of summons in that, by the return of the constable thereon, it was disclosed that the same was served on the defendant by leaving a copy thereof at the usual place of abode of the defendant with a person of the family over the age of 15 years; second, because the defendant insurance company had, at the time of the affirmance of the judgment of the justice appealed from on September 19, 1934, been dissolved and its assets were in liquidation in the hands of the Superintendent of Insurance of Missouri as receiver and such Superintendent as receiver was not made a party to the cause in which such judgment was rendered and in which it was affirmed upon appeal; third, because the judgment as corrected by *nunc pro tunc* entry December 8, 1934, adding movants as parties therein, against whom it was rendered, was void in that it was not the same judgment as that affirmed on September 19, 1934; fourth, because movants were not obligated by the additional appeal bond executed by them as sureties to pay any judgment rendered against the defendant insurance company by the circuit court; fifth, because in no event is plaintiff entitled to levy execution upon the property of the movants (sureties on the appeal bond) until he has exhausted his remedy against the defendant life insurance company, the principal in such bond, by first levying such execution upon its property; sixth, because the court had no jurisdiction of the subject-matter of the cause of action on which judgment was entered and by it affirmed in that, at the time the judgment of the justice was affirmed, the defendant insurance company had been dissolved as a corporation

and its assets were in liquidation in the hands of the Superintendent of Insurance of Missouri, the receiver, and he was not, as such, made a party to the cause.

At the close of the hearing of the motion to quash the execution, the court sustained plaintiff's motion to require the constable to amend his return upon the original summons issued by the justice; and such return was thereupon amended by the constable and filed as part of the record in the cause.

The motion to quash the execution was sustained upon the ground, as recited in the judgment sustaining it, that, prior to the entry of the judgment in the circuit court, the defendant life insurance company, a corporation, had been dissolved and that said corporation, at the time of the entry of said judgment in the circuit court, was nonexistent; and that the judgment in the circuit court was and is wholly void and that any and all sureties on the appeal bond of the said life insurance company are in no way liable on said judgment.

From such judgment of the court sustaining said motion to quash the execution, plaintiff prosecutes this appeal.

The only question for our determination is whether or not the action of the court in sustaining the motion to quash the execution on the grounds recited in its decree is justified upon the record.

It is contended by the appellant that it was erroneous. With such contention, we agree.

The decree of the circuit court dissolving the insurance company and enjoining it from further prosecution of its business and transferring its assets to the Superintendent of Insurance of the state investing the title to the same in fee simple in such Superintendent for the purpose of liquidating its affairs further enjoined upon such Superintendent the duty of prosecuting and defending all actions at law or in equity in behalf of or against said company.

The judgment of the circuit court, upon which the execution quashed was based, was one affirming the judgment of a justice of the peace from which the defendant insurance company had appealed, rendered upon the default of such defendant. Such judgment of affirmance was against both the insurance company and the sureties on its appeal bond.

The trial court held that the judgment of the circuit court affirming such judgment was void for the alleged reason that the defendant insurance company was not in existence at the time that the same was rendered on September 19, 1934, but had at such time been dissolved and was extinct.

However, from the record, it appears that, by the same decree by which the defendant insurance company was dissolved, it was provided that the title to all of its assets should be vested in the Superintendent of Insurance of the state and his successors in office and that such Superintendent and his successors should take in charge all

of such assets, together with all books, papers, and records of said company, and should collect all debts and claims due it and should dispose of all assets and settle all claims according to law and should settle and wind up the affairs of the defendant insurance company with all due and proper speed; that the said Superintendant should prosecute and defend actions in law or equity to protect and conserve the assets formerly held by and due to the company and, for all such, should employ counsel and such assistants as should be necessary, under the approval of the court.

From such decree, it thus appears that the Superintendent of Insurance took the place of the defendant insurance company upon its dissolution as a corporate entity, in the management of its affairs. [Yerxa, Andrews & Thurston v., Viviano (Mo.), 44 S. W. (2d) 98.]

In our view, the record does not therefore present a case the proper determination of which may be made to depend upon whether or not, at the time the judgment of affirmance by default was rendered, the defendant insurance company was extinct as a corporate entity; but the question upon which the proper determination of the case presented depends is whether or not the appeal taken from the judgment of the justice of the peace by the defendant insurance company at the time that it did exist as a corporate entity was prosecuted with diligence and effect by said defendant insurance company or those in charge of its affairs under the decree dissolving it.

It was the duty of the defendant insurance company and of those succeeding to the management of its affairs upon its dissolution to prosecute its appeal from the judgment of the justice with due diligence to a decision. By Section 2341, Revised Statutes 1929, in force at the time that the appeal was taken by the insurance company from the justice and at the time that the appeal bond herein was executed by the movants as sureties, it was required that the appeal bond be conditioned; that the appellant insurance company should prosecute its appeal with due diligence to a decision; that, if, on such appeal, the judgment of the justice should be affirmed or if, upon a trial anew in the appellate court, judgment should be given against the appellant insurance company, the appellant insurance company would pay such judgment; and that, if the appeal be dismissed, the appellant insurance company should pay the judgment of the justice together with the costs of the appeal. By section 2342, Revised Statutes 1929, a form for such an appeal bond, meeting the requirements of section 2341, was provided. Sections 2341 and 2342 are to be construed together; and, under such sections, it becomes the duty of an appellant to prosecute his appeal from the judgment of a justice with due diligence to a decision; and, in event of a failure so to do, the appellee becomes entitled to have the judgment affirmed against the appellant and the sureties on his appeal bond. [Young v. School District No. 3-55-34, 119 Mo. App. 108, 95 S. W. 947;

Wolcott Mfg. Co. v. Cady & Olmstead Jewelry Co. (Mo. App.), 72 S. W. (2d) 845.]

It is provided by section 2362 that, in the event of the affirmance of the judgment on appeal, such judgment shall be rendered against the sureties on the appeal bond, along with the judgment against the appellant.

It became the duty of the Superintendent of Insurance, under the decree dissolving the defendant insurance company and enjoining upon him the duty to prosecute and defend actions in law and equity for the protection and conservation of the assets formerly held by and due to the defendant company, without any further order of the court, to prosecute the appeal made by the defendant insurance company from the justice of the peace to the circuit court and to procure any order necessary to make him a party to the action on appeal. [Yerxa, Andrews & Thurston v. Viviano, supra.]

This he failed to do. It must, therefore, be held that the appeal was not prosecuted as required by the statute and the conditions of the appeal bond given thereunder executed by the movants as sureties and that such failure so to prosecute such appeal constituted a breach of the appeal bond by the defendant insurance company, justifying the judgment of affirmance and the judgment against the movants as sureties on said bond. [Cramm-Garber Motor Sales Co. v. Midwest Haynes Automobile Company (Mo. App.), 16 S. W. (2d) 683; Orlando v. Surwald (Mo. App.), 47 S. W. (2d) 228.]

No trial de novo was necessary.

The case of Yerxa, Andrews & Thurston v. Viviano, supra, involved an action on an appeal bond given in a case where judgment had been rendered against a defendant corporation in the circuit court, from which such corporation had appealed. The appeal reaching the Supreme Court, the judgment of the circuit court appealed from was affirmed by that court at a time when the charter of the appellant corporation had been declared forfeited by the Secretary of State. It was contended by the defendant sureties on the appeal bond that such judgment was void because rendered at a time when the charter of the appellant and principal in the appeal bond had been declared forfeited, by reason whereof it had no existence. The court held that, by virtue of the provisions of the statutes in force at the time such appeal was made and at the time such judgment was affirmed, the officers and managers of such defunct corporation, upon the forfeiture of its charter, took the place of the corporation as an entity in the management of its affairs; that it became their duty to appear and prosecute the appeal which had been taken by the defunct corporation; and that, since they had not done so, such failure was a failure to prosecute the appeal and a breach of such defunct corporation's appeal bond, regardless of whether such judgment of affirmance was valid, void, or voidable.

In this case, the Superintendent of Insurance sustains the same relation (as manager of its affairs) to the defendant insurance company by virtue of the decree of court by which such company was dissolved as in the Yerxa case the officers and managers of the defunct corporation sustained to it by virtue of the statute; and, by analogy, the same duty rested upon him to appear and be made a party to the appeal from the justice in this case and prosecute it as rested upon them in the appeal in the Yerxa case. It is true that in this case the corporation was dissolved and in the Yerxa case the charter of the corporation was forfeited or suspended only; but the principles of law applicable to the duties of the manager of each with respect to the appeals involved, as above stated, are the same.

It follows from what has been said that the judgment of the circuit court sustaining the motion to quash was erroneous and that such judgment should be reversed. It is accordingly ordered that it be reversed and the cause be remanded with directions to reinstate the execution. *Campbell, C.,* concurs.

PER CURIAM:—The foregoing opinion of REYNOLDS, C., is adopted as the opinion of the court. Reversed and remanded with directions. *Shain, P. J.,* and *Bland, J.,* concur.