**CITY OF ST. JOSEPH, Plaintiff-Appellant,**

v.

**William D. MACKLEY, Defendant-Respondent.**

No. 25739.

Missouri Court of Appeals, Kansas City District.

June 5, 1972.

Ronald E. Taylor, William E. Alberty, St. Joseph, for plaintiff-appellant.

Earl F. Steeb, Agency, for defendant-respondent.

DIXON, Judge.

The Municipal Court of the City of St. Joseph found defendant Mackley guilty of driving while under the influence of intoxicating liquor on April 28, 1967. The defendant appealed to the Circuit Court of Buchanan County. No activity of any kind occurred until January, 1971, when the defendant filed a motion to dismiss claiming that more than four terms of court had passed and that he was entitled to dis-

charge. The ruling on that motion is not before us.

The plaintiff City then filed a motion asking that the defendant's appeal to the Circuit Court be dismissed because the defendant had failed to prosecute the appeal with due diligence. The court overruled that motion, and the City filed notice of appeal to this court.

The transcript as filed here contains only the motions, colloquy of counsel and the court, the judgment entry, and the notice of appeal. We have stated the facts from the appellant's brief since respondent adopted that statement of facts, and a statement based on the partial transcript would be meaningless.

The "final judgment" from the court's minutes reflects that defendant was "discharged of the information herein." At another point the entry recites that the cause "is dismissed" because the defendant announced ready, and the plaintiff City was unable to be ready. The same court minutes show that the court overruled both motions and the colloquy of court and counsel indicate that the plaintiff City intended to stand on its motion.

The plaintiff City, appellant here, has briefed and argued only the question of the propriety of the court's ruling on its motion to dismiss. Only that question will be considered since it will be dispositive of the appeal.

■ The written motion of the City denominates the defendant as the "moving party," and the thrust of the argument on this appeal is that when the appeal to the Circuit Court was filed, the defendant became the "moving party." Plaintiff City in its brief asserts that the defendant "actually becomes plaintiff."

■ The notion that the duty to proceed with the trial of a case in the Circuit Court devolves on the defendant by virtue of the fact that he is the appealing or "moving party" is inconsistent with the pro-

cedure of providing a trial de novo in the Circuit Court. Every appeal from the Municipal Court is to be tried in the Circuit Court as though the prosecution had originated in that court. V.A.M.R. 37.84. While the Circuit Court may retain discretionary authority to dismiss the appeal in some instances, that authority may not be invoked to reallocate the responsibilities for proceeding with the trial. The City was the plaintiff in the police court, and it remains the plaintiff in the Circuit Court. The City's position in their brief is that V.A.M.R. 67.02, which provides in part:

> "For failure of the *plaintiff* to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him . . . " (Emphasis added.)

authorized dismissal of the appeal by defendant. The position maintained by the City—that the defendant was, in fact, the plaintiff on appeal—is clearly untenable; and the Circuit Court correctly refused to sustain the City's motion.

The case of Hoelzel v. Kelly, 222 Mo. App. 566, 291 S.W. 1081, was an early decision dealing with a similar problem. There, the defendant appealed from an adverse judgment in the justice court, and the plaintiff moved to dismiss the cause in the Circuit Court charging that the defendant had failed to list the cause for trial and, therefore, had not prosecuted his appeal. In construing a statute which required the applicant for appeal to enter into a recognizance conditioned that the applicant will prosecute his appeal with due diligence to a decision,[1] the court held that those provisions simply required that the appellant shall perfect his appeal as required by law and not be in default of any duty imposed on him by law. Id. at 1082.

The court further stated that:

> "(I)t does not mean that where an appeal has been fully perfected, plaintiff, who

as an original proposition is always the actor both in the justice and circuit courts, has not the duty to bring the case on for trial, but that that duty devolves upon the defendant although he is the appealing party." Id. at 1082.

Furthermore, the City does not contend in its brief, nor does the record reveal that the delay was in any way caused by the actions of the defendant. While there is little doubt that an appeal to the circuit court may be dismissed when the appellant fails to perfect his appeal (Feldman v. Levinson, Mo.App., 93 S.W.2d 31, where the defendant failed to pay the filing fee), or fails to comply with a duty imposed by law (City of St. Louis v. Fitch, 238 Mo.App. 725, 187 S.W.2d 63, and Buchholz v. Manzella, Mo.App., 158 S.W. 2d 200, where the defendant failed to appear for trial upon proper notice), the party seeking dismissal has the burden of demonstrating such a failure; and in lieu of such a showing the refusal to dismiss was proper. In the absence of any showing that the defendant was in default of any substantive duty imposed on him by law, the decision of the circuit court must be affirmed.

As noted above, the plaintiff City's appeal has been considered as if it had "stood on its motion" and normally, our ruling would require a remand for trial. The City indicated it had no evidence, and the court "discharged the defendant from the information." The City had the burden of proof and could not meet it. The judgment below dismissing the cause is correct and is affirmed.

SHANGLER, C. J., and CROSS, J., concur.

PRITCHARD, SWOFFORD and WASSERSTROM, JJ., not participating because not members of court at the time the case was submitted.

---

1. Sec. 2891, R.S.1919, which is now applicable to appeals from a police court by virtue of V.A.M.S. § 98.020 and V.A.M.S. § 512.190.